By the Court.
 

 The single question presented is whether the answer constitutes a valid defense. The demurrer - admits all the allegations in the answer, which are well pleaded, and, therefore, concedes that the eligible list, from which the appointment which relator seeks must be made if the writ of mandamus is granted, expires June 5, 1946.
 

 Section 486-12, G-eneral Code, provides as follows:
 

 “Eligible List. From the returns of the examinations the commission shall prepare an eligible list of the persons whose general average standing upon examinations for such grade or class is not less than the minimum fixed by the rules of the commission and who are otherwise eligible; and such .persons shall take
 
 *26
 
 rank upon the eligible list as candidates in the'order of their relative excellence as determined by the examination without reference to priority of time of examination. In the event of two or more applicants receiving the same mark in an examination, priority in the time of application shall determine the order in which their names shall be placed on the eligible list. The term of eligibility of each list shall be fixed by the commission at not less than one year nor more than two years. When an eligible list is reduced to three names or less a new list shall be prepared.”
 

 By force of this statutory provision, the eligible list from which appointments could be made terminated after two years and the Civil Service Commission of the city would not have been authorized to certify names from that list after June 5, 1946. Admittedly the relator has never been certified to the respondent by the Civil Service Commission, and it is only upon such certification that appointment ds authorized to be made.
 

 It is well settled by the numerous decisions of this court that in exercising the extraordinary power of mandamus a court should take irito consideration the facts and conditions existing at the time it determines whether to issue a peremptory writ; if it should affirmatively appear that no wrong could possibly be remedied or no right could possibly be enforced or promoted, the writ will be refused.
 
 State, ex rel. Stoer,
 
 v.
 
 Raschig, Dir.,
 
 141 Ohio St., 477, 49 N. E. (2d), 56, and cases therein cited.
 

 The demurrer to the answer is overruled and the writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.