{¶ 1} Petitioner Jeffery L. White filed this petition for writ of habeas corpus on November 18, 2002. The petition was brought against Jeffrey A. Wolfe, Warden of the Noble Correctional Institution, Brian Johnson, Field Supervisor for the Ohio Adult Parole Authority ("OAPA"), OAPA and the State of Ohio ("Respondents"). Petitioner alleges he is being held because of a Parole Hold that was filed by the OAPA on or about June 3, 2002, and is seeking immediate release. On March 28, 2003 Respondents filed a motion to dismiss for lack of subject matter jurisdiction and failure to comply with R.C. 2969.25.
 {¶ 2} The procedural history to this case is complicated. Petitioner was originally convicted and sentenced by the Tuscarawas County Court of Common Pleas on two counts of aggravated drug trafficking on November 18, 1996. That judgment entry was set aside by a subsequent judgment entry filed on December 17, 1996, which modified the terms of Petitioner's sentence. The nunc pro tunc entry of December 17, 1996 provided Petitioner with a suspended sentence on one of the two counts to which he pled guilty on November 18, 1996. Petitioner pled guilty to Count One and Count Five of the indictment, both of which charged aggravated drug trafficking. Petitioner was originally sentenced to a 3 — 15 year term of incarceration on Count One, as well as a consecutive term of 3 — 15 years on Count Five.
 {¶ 3} The sentence for Count Five was suspended with certain conditions on December 17, 1996, while the sentence for Count One remained unchanged. Said judgment entry provided Petitioner would be subject to probation for three years after he served the sentence on Count One. Petitioner was subsequently incarcerated until paroled in November 1998 and ultimately released in January of 1999. Petitioner was later re-incarcerated on Count One and released again on parole on March 14, 2000. This is the most recent release for Petitioner.
 {¶ 4} The trial court filed an entry setting forth the terms of Petitioner's probation on February 26, 1999. Petitioner was subsequently charged with violation of his probation, with a preliminary hearing being held on June 14, 2002. The final hearing determining whether Petitioner's probation should be revoked was held on August 9, 2002. At said hearing, Petitioner acknowledged probation violations occurring February 11, 2002, February 15, 2002 and April 4, 2002. On August 12, 2002 the trial court revoked Petitioner's probation, re-imposing the 3 — 15 year term of incarceration on Count Five.
 {¶ 5} The trial court would consider a motion for "shock probation" after 60 days of incarceration, the result of an agreement negotiated by counsel and the County Prosecutor. Petitioner was returned to the custody of the state and housed at the Noble Correctional Institution. Meanwhile, OAPA filed a Parole Hold with the Tuscarawas County Sheriff on June 3, 2002, during which Petitioner was being held awaiting his hearing on the Prosecutor's motion to revoke probation. Petitioner alleges representatives of OAPA were present at the June 14, 2002 preliminary hearing.
 {¶ 6} Petitioner alleges the OAPA was a party to the agreement reached on August 9, 2002, as Petitioner's Parole Officer, Brian Johnson, was in attendance. Petitioner alleges the OAPA agreed not to pursue parole revocation if Petitioner agreed to the probation revocation.
 {¶ 7} Subsequent to Petitioner serving 60 days, and pursuant to the September 23, 2002 motion filed with the trial court, Petitioner was granted shock probation after a hearing on October 15, 2002, in an entry filed on October 17, 2002. The court order required Petitioner to be in the custody of the Tuscarawas County Sheriff's Department but transported back to the Noble Correctional Institution on an unrelated matter. Upon resolution of the matter, Petitioner was scheduled for release to a halfway house.
 {¶ 8} While incarcerated at the Noble Correctional Institution, the OAPA conducted a hearing on November 12, 2002. The OAPA found Petitioner's parole violation should not be subject to a Parole Violator Re-commissioned hearing, as a Violation Sanction Process would be more proper.
 {¶ 9} Subsequent to the November 12, 2002 OAPA action, Petitioner was released from the Noble Correctional Institution on November 14, 2002. Under the October 17, 2002 order, Petitioner was to report to a parole officer within 48 hours of his release from Noble Correctional Institution. Petitioner failed to report to a parole officer. He was arrested on November 18, 2002 due to his failure to report to the OAPA within the allowed time period. Petitioner has resided at the Oriana House in Akron, Ohio since November 25, 2002.
 {¶ 10} On consideration of the petition and motion to dismiss we find this Court lacks jurisdiction to consider this action in habeas corpus, as the remedy of release from confinement has already occurred. In his original petition, Petitioner is challenging his incarceration at the Noble Correctional Institution. Such confinement ended upon his release on November 14, 2002. The record discloses that the underlying petition was filed on November 18, 2002, several days after his release. Coincidentally, Petitioner was rearrested the day this petition was filed. The issues surrounding the re-arrest of Petitioner have since been resolved, as Petitioner was arguably released from custody on November 25, 2002, to the Oriana House. Thus, said dispute has become moot.
 {¶ 11} R.C. 2725.04 allows for a Petitioner to file a writ of habeas corpus, seeking relief from unlawful custody or unlawful restraint of liberty. Habeas corpus will lie only to grant release from some type of physical confinement, such as a prison. Mere post-release control is not sufficient to merit a writ of habeas corpus. Ross v. Kinkela, 8th Dist. No. 79411, 2001-Ohio-4256, citing Smirnoff v. Green (1998)84 Ohio St.3d 165, 167. Respondent argues Petitioner is not currently subject to any physical restraint by the state and therefore this court lacks subject matter jurisdiction. We agree.
 {¶ 12} Petitions for habeas corpus should be dismissed as moot when the inmate has been released from incarceration. Pewitt v. LorainCorrectional Institution (1992), 64 Ohio St.3d 470, 472.
 {¶ 13} The Court must consider presently existing facts and conditions when determining whether to issue the writ of habeas corpus.State ex rel. Rhinehart v. Celebreeze (1946), 147 Ohio St. 24, 26. Petitioner's writ of habeas corpus is moot, due to his release from prison on November 14, 2002.
 {¶ 14} Moreover, Petitioner has failed to comply with R.C.2969.25(A) requiring the filing of an affidavit disclosing all prior civil actions or appeals he initiated in the last five years. Failure to file the affidavit warrants dismissal of the petition. State ex. rel.Bristow v. Huffman (2000), 138 Ohio App.3d 500.
 {¶ 15} Finally, in a pleading filed on December 16, 2002, Petitioner acknowledges his current placement at the Oriana House. The record discloses the Oriana House is located in Akron, Ohio, outside of the territorial jurisdiction of this court.
 {¶ 16} Under R.C. 2725.03: "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void."
 {¶ 17} As Petitioner is presently housed in Akron, Ohio, this Court lacks jurisdiction to rule upon the merits of this petition for writ of habeas corpus. Accordingly, this petition is dismissed. Costs taxed against Petitioner. Final order. Clerk to serve notice on the parties as provided by the rules of civil procedure.
Waite, P.J., Donofrio and DeGenaro, JJ., concur.