OPINION
{¶ 1} Defendant-appellant, Peggy Keller, appeals the decision of the Butler County Court of Common Pleas denying her petition for a writ of habeas corpus. We affirm the decision of the trial court.
 {¶ 2} Appellant pled guilty to, and was convicted of grand theft, aggravated theft, and four counts of forgery. She was sentenced to a three-year prison term, five years probation, and five years of community control.[1] Upon serving the prison term appellant was released from incarceration and began serving probation/community control on August 20, 2002.
 {¶ 3} On November 6, 2002, appellant filed a petition for a writ of habeas corpus, seeking termination of her probation. The trial court denied the petition and appellant appealed. Although her appellate brief fails to set forth a specific assignment of error as contemplated by App.R. 16(A)(3), appellant argues in her brief that she was unlawfully sentenced, and consequently, that the trial court erred by dismissing her petition.
 {¶ 4} The state contends that because appellant is not currently subject to any physical restraint, the trial court properly dismissed the petition. We agree.
 {¶ 5} R.C. 2725.04 permits a petitioner to request a writ of habeas corpus, seeking relief from unlawful custody or unlawful restraint of liberty. Habeas corpus will lie only to grant release from some type of physical confinement, such as a prison. Mere probation or post-release control is not sufficient to merit a writ of habeas corpus. Ross v. Kinkela, Cuyahoga App. No. 79411, 2001-Ohio-4256, citing State ex rel. Smirnoff v. Green,84 Ohio St.3d 165, 167, 1998-Ohio-526. Since the purpose of a writ of habeas corpus is not to determine whether a person is guilty of an offense, but to determine the legality of the restraint under which the person is held, it is well-established that the remedy of habeas corpus is available only when the petitioner is presently in state-imposed confinement. Tomkalskiv. Maxwell (1963), 175 Ohio St. 377, 378; In re Lockhart
(1952), 157 Ohio St. 192.
 {¶ 6} The court must consider presently existing facts and conditions when determining whether to issue a writ of habeas corpus. State ex rel. Rhinehart v. Celebreeze (1946),147 Ohio St. 24, 26. Because appellant has been released from prison, the trial court properly dismissed her petition for a writ of habeas corpus. See Pewitt v. Lorain Correctional Institution,64 Ohio St.3d 470, 472, 1992-Ohio-91.
 {¶ 7} We further note that, even if habeas corpus provided a proper procedural mechanism for appellant to challenge her probation, it does not provide a means for reviewing the sentencing error she alleges. See Blackburn v. Jago (1998),39 Ohio St.3d 139. A petition for a writ of habeas corpus may not serve as a substitute for appeal, "nor may it be resorted to where an adequate remedy for review of the questions presented exists." In re Hunt (1976), 46 Ohio St.2d 378, 381 quoting Inre Piazza (1966), 7 Ohio St.2d 102, 103. Since appellant could have challenged the sentencing error alleged in her petition on direct appeal, she is consequently barred from challenging the error through habeas corpus. See id. The assignment of error is overruled.
Judgment affirmed.
Powell, P.J., and Valen, J., concur.
[1] Because one of the offenses occurred prior to July 1, 1996, the effective date of Senate Bill 2, the 1995 Criminal Sentencing Act, 146 Ohio Laws, Part IV, 7136, which amended the sentencing statutes, appellant was sentenced to probation on one count, and a period of community control as to the others.