DECISION ON RESPONDENT'S MOTION TO DISMISS
{¶ 1} Petitioner, Darren Horn, has filed this original action requesting this court to issue a writ of habeas corpus against respondent Ohio Adult Parole Authority.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that this court should grant respondent's motion to dismiss for failure to state a claim upon which relief can be granted.
 {¶ 3} No objections were filed to the decision of the magistrate.
 {¶ 4} Finding no error or other defect on the face of the decision of the magistrate, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magistrate, respondent's motion to dismiss is hereby granted.
Respondent's motion to dismiss granted.
Petree and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Darren Horn, : Petitioner, : v. : No. 04AP-431 Ohio Adult Parole Authority, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on August 31, 2004 Darren Horn, pro se.
Jim Petro, Attorney General, and M. Scott Criss, for respondent.
 IN HABEAS CORPUS ON RESPONDENT'S MOTION TO DISMISS {¶ 5} In this original action, petitioner, Darren Horn, requests that a writ of habeas corpus issue against respondent, Ohio Adult Parole Authority.
Findings of Fact:
 {¶ 6} 1. According to the petition, petitioner is unlawfully being subjected to post-release control by respondent.
 {¶ 7} 2. According to the petition, petitioner was sentenced on April 26, 1999, in the Cuyahoga County Court of Common Pleas, but post-release control was not included in the court's sentence.
 {¶ 8} 3. According to the petition, petitioner has served his entire five-year period of incarceration according to the sentence rendered by the court on April 26, 1999.
 {¶ 9} 4. According to Exhibit C attached to the petition, April 10, 2004, is the "Tentative Start Date" for the post-release control.
 {¶ 10} 5. According to the petition, petitioner "is being restrained of his entitled freedom(s) by being placed under the disability of having PRC [post-release control] encumbering his freedom." (Complaint at ¶ 13.)
 {¶ 11} 6. On April 21, 2004, petitioner filed this habeas corpus action. Petitioner lists a state of Massachusetts address. His sworn "Verification" filed with his petition indicates that it was sworn in the state of Massachusetts on April 19, 2004.
 {¶ 12} 7. On May 20, 2004, respondent filed a motion to dismiss this habeas corpus action on grounds that the petitioner has not alleged that he is currently incarcerated or confined.
 {¶ 13} 8. On June 7, 2004, petitioner filed his brief in opposition to respondent's motion to dismiss. In his brief, petitioner argues that post-relief control involves an unlawful restraint of his liberty because he must follow rules and regulations of parole and also meet in person with his parole officer once a month.
Conclusions of Law:
 {¶ 14} It is the magistrate's decision that this court grant respondent's motion to dismiss the petition for the reasons more fully explained below.
 {¶ 15} R.C. 2725.01 provides:
Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.
 {¶ 16} In a case similar to the instant one, the Court of Appeals, Eighth Appellate District, held that habeas corpus does not lie to challenge post-release control. In Ross v. Kinkela
(Nov. 15, 2001), Cuyahoga App. No. 79411, the court, after quoting R.C. 2725.01, wrote:
* * * [P]ost-release control does not sufficiently restrain liberty to give rise to habeas relief. A writ of habeas corpus is an extraordinary remedy which is appropriate "only if the petitioner is entitled to immediate release from prison or some other type of physical confinement." [Fn. omitted.] Ross is not physically confined and is not under anyone's present custody. While we do not deny that post-release control necessarily carries some restraints, these circumstantial and non-custodial restraints do not give rise to habeas relief. To argue that the effects of post-release control equates to confinement applicable to habeas corpus evidences a severe misinterpretation of precedential authority and the historical reasons for habeas relief.
 {¶ 17} The Ross case was recently followed by the Court of Appeals, Twelfth Appellate District, in State v. Keller, Butler App. No. 2003-10-259, 2004-Ohio-3998. In Keller, the appeals court held that the petitioner could not seek termination of her probation in a habeas corpus action. The court reasoned that because the petitioner had been released from prison, she could not bring a habeas corpus action.
 {¶ 18} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him or her to recover. O'Brien v. University Community Tenants Union
(1975), 42 Ohio St.2d 242.
 {¶ 19} It appears beyond doubt from the instant petition that the petitioner can prove no set of facts entitling him to relief in habeas corpus.
 {¶ 20} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion to dismiss.
 /s/Kenneth W. Macke
KENNETH W. MACKE MAGISTRATE