OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner Richard L. Waterhouse has filed a petition for writ of habeas corpus stating that he is being held unlawfully in the Belmont Correctional Institution because the Summit County Common Pleas Court's judgment entry on his probation violation required him to serve three years or three consecutive one year sentences, but a transcript of proceedings allegedly only establishes an eighteen-month sentence. However, the state's motion to dismiss, which we previously granted leave to file instanter, establishes that this application for a writ of habeas corpus is moot.
 {¶ 2} Since the filing of the application, petitioner has been released from prison. Specifically, the sentencing court granted judicial release and placed petitioner on two years of community control as of October 1, 2004 in an October 8, 2004 judgment entry. Because petitioner is no longer imprisoned and because he is no longer confined in this court's jurisdiction, this application must be dismissed.
 {¶ 3} R.C. 2725.04(A) requires an application for a writ of habeas corpus to specify "[t]hat the person in whose behalf the application is made is imprisoned, or restrained of his liberty * * *." Similarly, R.C. 2725.01, entitled, "Persons entitled to writ of habeas corpus," provides as follows:
 {¶ 4} "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."
 {¶ 5} Relating to where to file, R.C. 2725.03 provides as follows:
 {¶ 6} "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void."
 {¶ 7} These statutes contemplate that petitioner be imprisoned when he seeks his writ of habeas corpus. Supreme Court law generally provides that a petition should be dismissed where the inmate is released from prison due to completion of his sentence. See, e.g., Pewitt v. LorainCorrectional Inst. (1992), 64 Ohio St.3d 470, 472 (also providing that the event causing the application to be moot can be established by evidence extrinsic to the record). The Supreme Court has also stated that a petitioner released on pretrial bail is not entitled to a writ of habeas corpus because he is not in prison or some other type of physical confinement. State ex rel. Smirnoff v. Greene (1998), 84 Ohio St.3d 165,167-168 (reversing the appellate court's grant of the writ).
 {¶ 8} Precedent from this court states that post-release control is not sufficient to merit a writ of habeas corpus since habeas will lie only to grant release from physical confinement such as prison. White v.Wolfe, 7th Dist. No. 305, 2003-Ohio-3883, citing Ross v. Kinkela (Nov. 5, 2001), 8th Dist. No. 79411. See, also, State v. Keller, 12th Dist. No. 2003-10-259, 2004-Ohio-3998, at ¶ 5 (refusing to hear writ seeking termination of probation after release from confinement); Harrod v.Harris (May 11, 2001), 1st Dist. No. C-000791 (post-release control is not tantamount to confinement, despite conditions imposed on freedoms);Davis v. Butterworth (Apr. 15, 1999), 3d Dist. No. 9-98-62. We maintain that post-release control or judicial release and imposition of community control is not grounds for a writ of habeas corpus.
 {¶ 9} We also note the issue of which court would have jurisdiction where petitioner is no longer imprisoned. Only the court in whose jurisdiction petitioner is restrained has jurisdiction. Starks v.Johnson (May 2, 2000), 7th Dist. No. 99CA325; R.C. 2725.03. See, also,Bridges v. McMackin (1989), 44 Ohio St.3d 135. This petitioner was sentenced out of Summit County, which lies in the Ninth Appellate District. He was imprisoned in Belmont County, which lies in the Seventh Appellate District. However, he is now released and residing in they city of Akron in Summit County. Such dilemmas are further reasons for the holdings that one must be in physical confinement to seek a writ of habeas corpus.
 {¶ 10} Finally, we note that the underlying legal issue in petitioner's application is not capable of repetition yet evading review, so as to provide this court with discretionary authority to address the merits even upon a finding of mootness. See Adkins v. McFaul (1996),76 Ohio St.3d 350, 350-351.
 {¶ 11} For the reasons stated above, the petition is dismissed as moot. Costs taxed against petitioner.
 {¶ 12} Final order. Clerk to serve a copy on counsel of record and petitioner pursuant to the Civil Rules.
Vukovich, J., concurs.
Waite, P.J., concurs.
DeGenaro, J., concurs.