OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner, John L. McAllister, proceeding pro se, filed a petition for writ of habeas corpus with this Court on May 22, 2006. The petition was brought against respondent, Jeff Wolfe, Warden of the Noble Correctional Institution.
 {¶ 2} On October 8, 2003, in Stark County Common Pleas case No. 2003CR1041, petitioner pleaded guilty to one count of robbery, one count of receiving stolen property, one count of unauthorized use of a motor vehicle, and once count of falsification. Petitioner received a two year prison sentence. Additionally, on the same day, in Stark County Common Pleas Case No. 2003CR1086, petitioner pleaded guilty to one count of theft. Petitioner was sentenced to a six-month term of incarceration to be served concurrently with his two year sentence. Both sentencing entries notified petitioner of the possibility of post-release control.
 {¶ 3} Post-release control sanctions were imposed upon petitioner. Petitioner violated the conditions of his post release control, and served a sixty-day sentence at the Noble Correctional Institution.
 {¶ 4} Petitioner filed a petition for a writ of habeas corpus with this Court on February 5, 2004. This Court dismissed the petition because commitment papers were not timely attached and for lack of legal merit in petitioner's assertions. McAllisterv. State, 7th Dist. No. 04 BE 5, 2004-Ohio-2632.
 {¶ 5} Petitioner filed another petition in this Court on February 17, 2006, naming as respondent the Ohio Adult Parole Authority. Petitioner later acknowledged that he was incarcerated in Tuscawaras County and expected to be moved to Hamilton County. Therefore, his petition was dismissed for lack of jurisdiction.McAllister v. Ohio Adult Parole Auth., 7th Dist. No. 06 HA 583,2006-Ohio-3697. Petitioner was eventually released in February or March of 2006.
 {¶ 6} Subsequently, petitioner was arrested again in March of 2006 and confined in the Tuscarawas County Jail. He was transferred to the Correction Reception Center in Pickaway County and then to the Noble Correctional Institution where he was serving a ninety-day sentence. Petitioner argued (1) the trial court had a duty to advise him of the conditions of post-release control, (2) the trial court had a duty to advise him of the sentence that would be imposed for a violation of post-release control, and (3) he should be freed because the trial court incorrectly informed him of the maximum term of years that could be imposed as a sentence. Respondent filed a motion to dismiss, and then subsequently, a motion for summary judgment.
 {¶ 7} On consideration of the petition and motion to dismiss we find this Court lacks jurisdiction to consider this action in habeas corpus, as the remedy of release from confinement has already occurred. In his petition, petitioner is challenging his incarceration at the Noble Correctional Institution. Such confinement ended upon his release on July 5, 2006. Thus, his petition is rendered moot.
 {¶ 8} We have addressed this same issue before. In White v.Wolfe, 7th Dist. No. 305, 2003-Ohio-3883, at ¶ 11, we noted:
 {¶ 9} "R.C. 2725.04 allows for a Petitioner to file a writ of habeas corpus, seeking relief from unlawful custody or unlawful restraint of liberty. Habeas corpus will lie only to grant release from some type of physical confinement, such as a prison. Mere post-release control is not sufficient to merit a writ of habeas corpus. Ross v. Kinkela, 8th Dist. No. 79411, 2001-Ohio-4256, citing Smirnoff v. Green (1998)84 Ohio St.3d 165, 167, 702 N.E.2d 423."
 {¶ 10} Here, respondent argues in its motion for summary judgment that petitioner is not currently subject to any physical restraint by the state and therefore this court lacks subject matter jurisdiction. We agree.
 {¶ 11} Additionally, we noted that "[p]etitions for habeas corpus should be dismissed as moot when the inmate has been released from incarceration. Pewitt v. Lorain CorrectionalInstitution (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92." and that we "must consider presently existing facts and conditions when determining whether to issue the writ of habeas corpus.State ex rel. Rhinehart v. Celebreeze (1946), 147 Ohio St. 24,26, 67 N.E.2d 776." Id. at ¶ 11-12.
 {¶ 12} Consequently, petitioner's writ of habeas corpus is moot due to his release from the Noble Correctional Institution on July 5, 2006.
 {¶ 13} Accordingly, the petition is dismissed for lack of jurisdiction. Costs taxed against petitioner. Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure.
Donofrio, P.J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.