OPINION AND JOURNAL ENTRY *Page 2 
{¶ 1} Petitioner, David Coleman, proceeding pro se, has filed a writ of habeas corpus with this Court. The petition is brought against Michele Eberlin, Warden of the Belmont Correctional Institution.
 {¶ 2} Pursuant to a plea agreement, on August 22, 1997, in Trumbull County Common Pleas Court case No. 96CR799, petitioner pleaded guilty to one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), a first-degree felony, and another count of aggravated robbery with a gun specification, in violation of R.C. 2911.01(A)(1) and R.C. 2941.145, also a first-degree felony. Also pursuant to the plea agreement, the court sentenced petitioner to a five-year term of imprisonment on each count with those sentences to run concurrently with each other. The court also sentenced petitioner to a three-year term of imprisonment for the gun specification to run consecutively with the principal sentence.
 {¶ 3} Petitioner completed his sentence on July 1, 2005, and was placed on post-release control. On May 11, 2006, petitioner violated the conditions of his post-release control and received a 210-day prison sanction at the Belmont Correctional Institution.
 {¶ 4} On September 27, 2006, petitioner filed a petition for writ of habeas corpus with this Court. He argued that his post-release control was unlawful because the court failed to notify him of post-release control sanctions at the time of his sentencing. On December 8, 2006, respondent filed a motion to dismiss arguing that petitioner could have raised that issue on direct appeal, and, in the alternative, that petitioner did receive such notice.
 {¶ 5} Meanwhile, it came to this Court's attention that petitioner should have been released from prison on December 7, 2006. In addition, it had otherwise come to the attention of this Court that petitioner had been released from prison. Therefore, this Court granted respondent twenty (20) days to file memoranda addressing whether this Court had continuing jurisdiction over the matter.
 {¶ 6} On February 26, 2007, respondent filed a second motion to dismiss confirming that petitioner had, in fact, been released from custody. *Page 3 
 {¶ 7} On consideration of the petition and respondent's second motion to dismiss we find this Court lacks jurisdiction to consider this action in habeas corpus, as the remedy of release from confinement has already occurred. In his petition, petitioner is challenging his incarceration at the Belmont Correctional Institution. Such confinement has ended. Thus, his petition is rendered moot.
 {¶ 8} We have addressed this same issue before. In White v.Wolfe, 7th Dist. No. 305, 2003-Ohio-3883, at ¶ 11, we noted:
 {¶ 9} "R.C. 2725.04 allows for a Petitioner to file a writ of habeas corpus, seeking relief from unlawful custody or unlawful restraint of liberty. Habeas corpus will lie only to grant release from some type of physical confinement, such as a prison. Mere post-release control is not sufficient to merit a writ of habeas corpus. Ross v. Kinkela, 8th Dist. No. 79411, 2001-Ohio-4256, citing Smirnoff v. Green (1998)84 Ohio St.3d 165, 167, 702 N.E.2d 423."
 {¶ 10} Here, respondent argues in its second motion to dismiss that petitioner is not currently subject to any physical restraint by the state and, therefore, this court lacks subject matter jurisdiction. We agree.
 {¶ 11} Additionally, we noted that "[p]etitions for habeas corpus should be dismissed as moot when the inmate has been released from incarceration. Pewitt v. Lorain Correctional Institution (1992),64 Ohio St.3d 470, 472, 597 N.E.2d 92." and that we "must consider presently existing facts and conditions when determining whether to issue the writ of habeas corpus. State ex rel. Rhinehart v. Celebreeze (1946),147 Ohio St. 24, 26, 67 N.E.2d 776." Id. at ¶ 11-12.
 {¶ 12} Consequently, petitioner's writ of habeas corpus is moot due to his release from the Belmont Correctional Institution.
 {¶ 13} Accordingly, the petition is dismissed for lack of jurisdiction. Costs taxed against petitioner. Final order. Clerk to serve notice on the parties as provided *Page 4 
by the Ohio Rules of Civil Procedure.
Donofrio, J. concurs
Vukovich, J. concurs.
 DeGenaro, J. concurs. *Page 1