[Cite as *State v. Perry*, 2012-Ohio-5574.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-MA-129 |
| | ) | |
| MORRIS J. PERRY, SR., | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Youngstown
Municipal Court of Mahoning County,
Ohio
Case No. 10CRB2557

JUDGMENT:                                    Affirmed

APPEARANCES:
For Plaintiff-Appellee                        Dana Lantz
Youngstown City Prosecutor
John Henry Marsh, Jr.
Assistant Youngstown City Prosecutor
26 S. Phelps Street, 4th Floor
Youngstown, Ohio 44503

For Defendant-Appellant                   Attorney Fred J. Rafidi
3627 South Avenue
Youngstown, Ohio 44502

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: November 29, 2012

DONOFRIO, J.

{¶1} Defendant-appellant Morris Perry Sr. appeals his conviction in the Youngstown Municipal Court for possessing criminal tools and attempted theft, following a bench trial.

{¶2} On December 24, 2010, Jaron Greer and his mother, Brenda Greer, were at her home on 1256 Wilson Avenue in Youngstown, Ohio. Brenda also owned another home in Youngstown nearby at 364 South Truesdale that she had purchased from her mother with the intention of renovating it. Upon leaving the Wilson Avenue home ahead of his mother, Jaron noticed Perry at his mother's South Truesdale property. Jaron observed Perry maneuvering a screwdriver behind the electrical meter attached to the house. Jaron confronted Perry about what he was doing. Brenda arrived shortly thereafter and also confronted Perry. Perry tried to conceal the screwdriver up his sleeve, picked up a black bag containing other tools, and attempted to leave the scene as police arrived. Officer Matthew Willis arrested Perry and took the screwdriver and black bag from him as evidence.

{¶3} Police subsequently charged Perry with possessing criminal tools and attempted theft, both first-degree misdemeanors. R.C. 2923.24(A); R.C. 2913.02(A)(1). The case proceeded to discovery and other pre-trial matters. Following a bench trial, the trial court found Perry guilty of possessing criminal tools as charged. As for the theft charge, the trial court found Perry guilty of the lesser included offense of attempted theft, a second-degree misdemeanor. R.C. 2923.02(A); R.C. 2913.02. The trial court sentenced Perry to ninety days house arrest with two years of probation and ordered him to pay a fine of $100 for each offense. This appeal followed.

{¶4} Perry's sole assignment of error states:

THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASONABLE DOUBT THAT APPELLANT WAS GUILTY OF ATTEMPTED THEFT AND POSSESSING CRIMINAL TOOLS.

{¶5}   Perry admits he was walking on a piece of property that did not belong to him on his way to work, but contends he was carrying the tools that were necessary for his occupation.  He argues that there was no substantial step towards committing a theft offense.  The Ohio Supreme Court in *State v. Brooks* held that a criminal attempt occurs when there is an act or omission which constitutes a substantial step towards the commission of a crime and that a substantial step is one that strongly corroborated the actor's criminal purpose. 44 Ohio St.3d 185, 542 N.E.2d 636 (1989).  Perry argues that even if his actions might have been suspicious to the Greers, suspicion is not enough to demonstrate a criminal purpose of depriving an owner of property. *State v. Reed*, 65 Ohio St.2d 117, 418 N.E.2d 1359 (1981).  Perry also argues that aside from Jaron's testimony that he was using the screwdriver to pry the meter off the house, there was no evidence that the screwdriver was being used as a criminal tool and, therefore, the charge should be dismissed.

{¶6}   In reply, the plaintiff-appellee, State of Ohio, argues this court should defer to the fact finding of the trial court unless it is found to be unreasonable.  The State contends that the weight given to witnesses should be determined by the trier of facts.

{¶7}   R.C. 2923.24, possessing criminal tools, states, "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶8}   R.C. 2913.02, theft, states:

> (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
>
> (1) Without the consent of the owner or person authorized to give consent[.]

{¶9}   R.C. 2923.03, attempt, states, "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

{¶10}  Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997).   In essence, sufficiency is a test of adequacy. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.*  In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Smith*, 80 Ohio St.3d at 113, 684 N.E.2d 668.

{¶11}  At trial, Perry testified that he demolishes houses for a living.  He testified that on the day he was arrested he was simply on his way to work when he saw Greer's house and stopped to see if it was vacant or occupied.  He stated: "I looked at the vacant house.  I looked at the meter to see if anybody lived there." (Tr. 37).  When asked why he was looking at the meter, Perry responded, "to see if it was available for rent or a lease or whatever." (Tr. 40).  Perry testified that he was not at the electrical meter, but could see it from where he was standing when confronted by the Greers.

{¶12}  Viewing the evidence in a light most favorable to the prosecution, Jaron Greer's testimony that Perry was on Brenda Greer's property maneuvering a screwdriver behind the electrical meter was sufficient to allow any rational trier of fact to find the essential elements of possessing criminal tools and attempted theft proven beyond a reasonable doubt.  Perry claims that he was merely walking on a piece of property that he did not own.  The evidence presented at trial challenged his credibility in that regard.  Perry changed his testimony as to his proximity to the meter

and what he was doing on the property. His own testimony vacillated from him not being at the meter to being near the meter to having never approached the meter. This testimony certainly called into question the credibility of the rest of his testimony denying any criminal motive. The presence of the screwdriver in his hand near the meter could be seen as a substantial step towards removing the meter from the house in the mind of a reasonable fact-finder.

**{¶13}** Accordingly, Perry's sole contention of error is without merit.

**{¶14}** The judgment of the trial court is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.