[Cite as *Perry v. Greene*, 2013-Ohio-1879.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MORRIS J. PERRY, SR., | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | CASE NO. 13 MA 33 |
| | ) | |
| JERRY GREENE, MAHONING COUNTY | ) | OPINION |
| SHERIFF, | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:    Petition for Writ of Habeas Corpus

JUDGMENT:                          Dismissed

APPEARANCES:
For Petitioner                     Morris J. Perry, Sr. Pro-Se
                                   #195
                                   110 Fifth Avenue
                                   Youngstown, Ohio 44503

For Respondent                     Paul Gains
                                   Prosecutor
                                   Ralph M. Rivera
                                   Assistant Prosecutor
                                   21 W. Boardman St., 6th Floor
                                   Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: April 29, 2013

PER CURIAM.

{¶1} Petitioner Morris Perry Sr. has filed a pro se petition for a writ of habeas corpus against Respondent Jerry Greene, Mahoning County Sheriff. The sheriff has filed a motion to dismiss.

{¶2} Perry was convicted in Youngstown Municipal Court of possessing criminal tools and attempted theft. The trial court sentenced him to ninety days electronically monitored house arrest, two years of probation, and a fine of $100 for each offense. Perry appealed his conviction to this court arguing insufficiency of the evidence.

{¶3} Following this court's affirmance of his conviction, *State v. Perry*, 7th Dist. No. 11 MA 129, 2012-Ohio-5574, the trial court set a status hearing for which Perry failed to appear. The court issued a bench warrant and Perry was subsequently incarcerated in the Mahoning County Jail. The court granted electronically monitored house arrest upon the posting of a bond. Apparently unable to make bond, Perry filed the present petition arguing that he has served in excess of the maximum amount of jail term allowed for two fourth-degree misdemeanor convictions.

{¶4} There are three reasons Perry's petition must be dismissed. First, R.C. 2725.04 requires that:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
> * * *
> (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

{¶5} Perry has failed to attach copies of his commitment papers to his petition as required by R.C. 2725.04(D). Failure to attach copies of commitment papers, such as the judgment entry of sentence, as part of the original filing of the petition for habeas corpus requires the dismissal of the petition. *Bloss v. Rogers*, 65

Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

**{¶6}** Second, R.C. 2969.25(A) requires an inmate, at the time of commencing a civil action against a government entity, to "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The Ohio Supreme Court has held that the requirements in R.C. 2969.25 apply to state habeas corpus actions and that even belated attempts to file the required affidavit do not excuse his noncompliance. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio–5533, 797 N.E.2d 982, ¶ 6-9 ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action.").

**{¶7}** Here, Perry has not filed an affidavit as required by R.C. 2969.25. Thus, as mentioned, compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 696 N.E.2d 594 (1998).

**{¶8}** Third, "[p]etitions for habeas corpus should be dismissed as moot when the inmate has been released from incarceration." *White v. Wolfe*, 7th Dist. No. 305, 2003-Ohio-3883, at ¶ 13, citing *Pewitt v. Lorain Correctional Institution* (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992). And we "must consider presently existing facts and conditions when determining whether to issue the writ of habeas corpus." *Id.* at ¶ 12, citing *State ex rel. Rhinehart v. Celebreeze* (1946), 147 Ohio St. 24, 26, 67 N.E.2d 776. Counsel for the sheriff has attached to its motion to dismiss a Mahoning County Sheriff's Department Inmate Listing dated April 10, 2013. Perry's name does not appear on that list, indicating that he has been released from incarceration.

**{¶9}** For the foregoing reasons, the sheriff's motion to dismiss is granted and Perry's petition for writ of habeas corpus is hereby dismissed.

**{¶10}** Costs taxed against Perry. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.

Donofrio, J. concurs.

Vukovich, J. concurs.

DeGenaro, P.J. concurs.