THE STATE EX REL. SMIRNOFF, M.D., APPELLEE,

*v.* GREENE, JUDGE, APPELLANT.

[Cite as *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165.]

(No. 98–1096—Submitted November 10, 1998—Decided December 16, 1998.)

*Jerome Emoff* and *Georg Abakumov,* for appellee.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Macy Lee,* Assistant Prosecuting Attorney, for appellant.

**Per Curiam.**  Judge Greene asserts in her sole proposition of law that the court of appeals erred in granting the writ of habeas corpus when Smirnoff was neither confined nor restrained of his liberty by the challenged bail condition preventing him from prescribing and administering dangerous drugs.  For the reasons that follow, we find Judge Greene's contention to have merit and reverse the judgment of the court of appeals.

First, habeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some other type of physical confinement.  See, *e.g., State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760; *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749; see, also, R.C. 2725.04(D), requiring the attachment of a copy of the "commitment or cause of detention" to habeas corpus petitions, and R.C. 2725.05 ("If it appears that a

person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate * * *."). Smirnoff is not physically confined. Instead, upon posting bail of $100,000, he was released from confinement.

Second, the court of appeals erroneously relied on *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 635 N.E.2d 26, *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270, 553 N.E.2d 1053, *In re Green* (1995), 101 Ohio App.3d 726, 656 N.E.2d 705, and *In re Petition of Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987, to hold that Smirnoff was entitled to the writ. These cases hold that habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial release cases, see *Pirman*, 69 Ohio St.3d at 593–594, 635 N.E.2d at 29. But as Judge O'Donnell noted in his dissent from the court of appeals' judgment, all of these cases are inapposite because they involved habeas corpus petitioners physically confined because of the claimed excessive bail. See, also, S.Ct.R.Rep.Op. 1(C), providing that "[i]n a *per curiam* opinion of the Supreme Court, the point or points of law decided in the case are contained within the text of each *per curiam* opinion and are those necessarily arising from the facts of the specific case before the Court for adjudication."

Third, in regard to Smirnoff's reliance on cases involving the federal writ of habeas corpus, the state writ of habeas corpus is not coextensive with the federal writ. *Rodgers v. Capots* (1993), 67 Ohio St.3d 435, 436, 619 N.E.2d 685, 686. We have similarly held that habeas corpus is unavailable to complain about parole conditions that allegedly restrict a petitioner's liberty, holding that depending on the circumstances, either declaratory judgment or mandamus is the appropriate and adequate legal remedy. See, *e.g., Hattie v. Anderson* (1994), 68 Ohio St.3d 232, 234, 626 N.E.2d 67, 70; see, also, *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 354, 4 O.O.3d 485, 487–488, 364 N.E.2d 286, 288.

Finally, even assuming that habeas corpus lies to challenge bail conditions when the petitioner is not physically confined, the bail condition challenged by Smirnoff is not of sufficient severity to warrant extraordinary relief in habeas corpus. R.C. 2725.01 provides that "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." "Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality * * *, *its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.*" (Emphasis added.) *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist. Santa Clara Cty.* (1973), 411 U.S. 345, 351, 93 S.Ct. 1571, 1574–1575, 36 L.Ed.2d 294, 300. Bail conditions restricting

freedom of movement have been held to be sufficiently severe to warrant relief in federal habeas corpus. *Id.;* see, also, *Justices of Boston Mun. Court v. Lydon* (1984), 466 U.S. 294, 300–301, 104 S.Ct. 1805, 1809, 80 L.Ed.2d 311, 319–320.

Here, however, Smirnoff does not challenge his bail conditions restricting his freedom of movement. In fact, he agreed to those conditions as well as conditions preventing him from prescribing all controlled substances and Soma and from dispensing all medications. The sole condition he challenges, preventing him from prescribing or administering dangerous drugs, was imposed only after he repeatedly breached his other parole conditions. This condition did not limit his freedom of movement or otherwise represent a restriction on his liberty severe enough to require the writ. Cf., *e.g., Duvallon v. Florida* (C.A.11, 1982), 691 F.2d 483 (imposition of fine without incarceration not cognizable in habeas corpus); *Lefkowitz v. Fair* (C.A.1, 1987), 816 F.2d 17 (revocation of medical license based on conviction not cognizable in habeas corpus). In this regard, the challenged condition did not completely prevent Smirnoff from practicing medicine.

Based on the foregoing, the court of appeals erred in granting the writ of habeas corpus. Accordingly, we reverse the judgment of the court of appeals and deny the writ.

*Judgment reversed.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.