[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 257.]

THE STATE EX REL. BRUGGEMAN, APPELLANT, *v.* COURT OF COMMON PLEAS OF AUGLAIZE COUNTY ET AL., APPELLEES.

[Cite as *State ex rel. Bruggeman v. Auglaize Cty. Court of Common Pleas*, 1999-Ohio-52.]

*Habeas corpus sought to void a judge's order in a child custody case—Dismissal of petition affirmed.*

(No. 99-956–Submitted November 3, 1999–Decided December 1, 1999.)

APPEAL from the Court of Appeals for Auglaize County, No. 2-99-7.

————————————

{¶ 1} In 1993, appellant, Christopher R. Bruggeman, was convicted of three counts of gross sexual imposition of his stepdaughter and was sentenced to an aggregate prison term of twelve to thirty years. In 1994, appellee Judge Mark E. Spees of appellee Auglaize County Court of Common Pleas, Domestic Relations Division, granted Bruggeman's wife a divorce and awarded custody of their minor child to her.

{¶ 2} In 1999, Bruggeman filed a petition in the Court of Appeals for Auglaize County for a writ of habeas corpus to void Judge Spees's custody order. Bruggeman did not name his wife as respondent and did not assert a right to custody of his daughter. The court of appeals dismissed the petition.

————————————

*Christopher R. Bruggeman, pro se.*

*Edwin A. Pierce*, Auglaize County Prosecuting Attorney, for appellees.

————————————

*Per Curiam.*

{¶ 3} Bruggeman asserts that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Bruggeman's assertion is meritless.

{¶ 4} In order to prevail on a petition for a writ of habeas corpus in a child custody case, the petitioner must establish that (1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to custody of the child. *Holloway v. Clermont Cty. Dept. of Human Serv.* (1997), 80 Ohio St.3d 128, 130, 684 N.E.2d 1217, 1219.

{¶ 5} Here, Bruggeman did not allege any superior legal right to custody of the child. Further, from his own petition, it is evident that an award of custody to Bruggeman, an incarcerated, convicted child abuser, would not be in the best interests of his child. *Id.*, 80 Ohio St.3d at 131, 684 N.E.2d at 1219-1220; see, also, *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 102, 666 N.E.2d 1091, 1095-1096.

{¶ 6} In addition, Bruggeman did not name his former wife, who has custody of their child, as a respondent in his habeas corpus petition. See R.C. 2725.04(A) and (B).

{¶ 7} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____