DANIEL, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

[Cite as *Daniel v. State,* 98 Ohio St.3d 467, 2003-Ohio-1916.]

(No. 2002–1881—Submitted March 26, 2003—Decided April 30, 2003.)

—————————————

**Per Curiam.**

{¶ 1} On February 1, 1988, Joseph Daniel, appellant, was indicted for felonious assault in violation of R.C. 2903.11, and for felonious sexual penetration in violation of R.C. 2907.12. Police arrested Daniel for these offenses on January 18, 1995. Following a jury trial, Daniel was convicted of aggravated assault, a fourth-degree felony, and sentenced in May 1995 to an 18–month prison term. Daniel is not currently incarcerated or in the custody of a state officer or institution.

{¶ 2} On April 23, 2002, Daniel filed a petition in the Court of Appeals for Franklin County for a writ of habeas corpus challenging the trial court's jurisdiction in his criminal case to enter judgment and impose sentence and seeking a hearing during which he could present evidence of his allegedly illegal conviction. Daniel claimed that prosecution of his criminal case was not begun within the six-year statute of limitations for felony offenses as set forth in R.C. 2901.13(A)(1) because the state had failed to exercise reasonable diligence pursuant to R.C. 2901.13(E) in executing the warrant for his arrest and service on the indictment.[1] Consequently, Daniel argued that the statute of limitations had

—————————————

1. {¶ a} The applicable version of R.C. 2901.13 provided:

{¶ b} "(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

{¶ c} "(1) For a felony other than aggravated murder or murder, six years;

{¶ d} "* * *

{¶ e} "(E) A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a

expired and his judgment of conviction was null and void. The court of appeals dismissed Daniel's petition.

{¶ 3} This cause is now before the court upon an appeal as of right.

{¶ 4} Daniel asserts that a writ of habeas corpus is the appropriate remedy to challenge the trial court's alleged lack of jurisdiction to enter the judgment of conviction. Daniel concedes that he is no longer physically in state custody or otherwise illegally detained. He nevertheless contends that he is being "unlawfully restrained of his liberty" pursuant to the habeas corpus statute, R.C. 2725.01, because his felony conviction prevents him from exercising various rights and privileges enjoyed by the rest of the citizenry. For the reasons that follow, we deny Daniel's requested relief and affirm the judgment of the court of appeals.

{¶ 5} First, in *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 167, 702 N.E.2d 423, we recognized that "habeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some other type of physical confinement." See, e.g., *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759; *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746. See, also, R.C. 2725.04(B), (C), and (D). Daniel is not currently in custody or otherwise physically confined.

{¶ 6} Second, Daniel cites no Ohio case law to support his proposition that his inability to exercise his federal constitutional right to possess a firearm and other claimed legal disabilities constitute unlawful restraint for purposes of state habeas corpus. Further, his reliance on authority involving the federal writ of habeas corpus is misplaced. As we have previously noted, "the state writ of habeas corpus is not coextensive with the federal writ." *Smirnoff*, 84 Ohio St.3d at 168, 702 N.E.2d 423, citing *Rodgers v. Capots* (1993), 67 Ohio St.3d 435, 436, 619 N.E.2d 685.

{¶ 7} Third, a violation of R.C. 2901.13 does not divest the trial court of jurisdiction and is thus not cognizable in habeas corpus. R.C. 2901.13 is a statute of limitations. See, e.g., *State v. Selvage* (1997), 80 Ohio St.3d 465, 468, 687 N.E.2d 433. We have held "that the expiration of a statute of limitations is not a jurisdictional defect." *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 76, 701 N.E.2d 1002. See, also, *State v. Brown* (1988), 43 Ohio App.3d 39, 43, 539 N.E.2d 1159 (because R.C. 2901.13 is a statute of limitations rather than a statute of repose, violation of the statute does not affect the jurisdiction of the trial court).

---

warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same." Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1896.

{¶ 8} Fourth, habeas corpus is not a substitute for appeal or postconviction relief. *In re Piazza* (1966), 7 Ohio St.2d 102, 103, 36 O.O.2d 84, 218 N.E.2d 459; *Bellman v. Jago* (1988), 38 Ohio St.3d 55, 56, 526 N.E.2d 308. Claims such as statute-of-limitations violations "must be raised on appeal rather than by extraordinary writ." *State ex rel. Tubbs Jones,* 84 Ohio St.3d at 76, 701 N.E.2d 1002; *Travis v. Bagley* (2001), 92 Ohio St.3d 322, 323, 750 N.E.2d 166. Daniel could have raised the statute-of-limitations issue at trial and on direct appeal. Thus, Daniel has or had a plain and adequate remedy at law for the allegations that he now raises. *Cornell v. Schotten* (1994), 69 Ohio St.3d 466, 467, 633 N.E.2d 1111. See, also, *Freeman v. Maxwell* (1965), 4 Ohio St.2d 4, 33 O.O.2d 2, 210 N.E.2d 885.

{¶ 9} Finally, Daniel's alleged deprivation of liberty is not of sufficient severity to warrant extraordinary relief in habeas corpus. See, e.g., *Smirnoff,* 84 Ohio St.3d at 168–169, 702 N.E.2d 423. R.C. 2725.01 provides, "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." Additionally, "[s]ince habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality * * *, *its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.*" (Emphasis added.) *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist. Santa Clara Cty.* (1973), 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294. Daniel can hardly contend now that any deprivation of liberty must be remedied immediately, having waited almost six years after the expiration of his sentence before bringing this action.

{¶ 10} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., Resnick, F.E. Sweeney, Pfeifer, Cook, Lundberg Stratton and O'Connor, JJ., concur.

---

Kura & Wilford Co., L.P.A., and Barry W. Wilford, for appellant.

Jim Petro, Attorney General, and Stuart A. Cole, Assistant Attorney General, for appellee.