THE STATE EX REL. FORTSON, APPELLANT, v. KELLY, WARDEN, APPELLEE.

[Cite as *State ex rel. Fortson v. Kelly,*
102 Ohio St.3d 77, 2004-Ohio-1799.]

(No. 2003–2173—Submitted March 31, 2004—Decided April 28, 2004.)

## Per Curiam.

{¶ 1} In June 2000, the Cuyahoga County Court of Common Pleas convicted appellant, Andrew Fortson, of aggravated murder and sentenced him to life in prison with parole eligibility after 20 years. On appeal, the court of appeals affirmed. *State v. Fortson* (Aug. 2, 2001), Cuyahoga App. No. 78240, 2001 WL 898428, appeal not allowed (2001), 93 Ohio St.3d 1497, 758 N.E.2d 1148. The court of appeals subsequently denied Fortson's application for reopening under App.R. 26(B), in which he alleged ineffective assistance of appellate counsel. *State v. Fortson* (Dec. 11, 2001), Cuyahoga App. No. 78240, 2001 WL 1617223.

{¶ 2} In October 2003, Fortson filed a petition in the Lorain County Court of Appeals. Fortson requested a writ of habeas corpus to compel appellee, his prison warden, to immediately release him from prison. Fortson claimed that because the R.C. 2901.13 statute of limitations had expired on a conspiracy charge of which he was not convicted, his trial court lacked jurisdiction to convict and sentence him on the aggravated murder charge. Fortson also claimed that the court of appeals erred in denying his application to reopen his appeal. The warden moved to dismiss the petition. In response to the motion, Fortson contended that the state had dismissed his aggravated murder charge and thereby divested his trial court of jurisdiction to convict and sentence him on that charge.

{¶ 3} On December 9, 2003, the court of appeals granted the warden's motion and dismissed the petition.

{¶ 4} For the following reasons, the court of appeals properly dismissed the petition.

{¶ 5} First, a claimed violation of R.C. 2901.13 is not cognizable in habeas corpus. *Daniel v. State,* 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, ¶ 7.

{¶ 6} Second, as the court of appeals held, "there is no basis in law for the argument that the trial court lost jurisdiction over the entire case because the indictment included a count that could not be charged because of the statute of limitations."

{¶ 7} Third, insofar as Fortson challenges the judgment of the court of appeals on his App.R. 26(B) application for reopening, he had an adequate remedy by appeal. See *Ross v. Saros,* 99 Ohio St.3d 412, 2003-Ohio-4128, 792 N.E.2d 1126, ¶ 12, quoting *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194 (" 'habeas corpus, like other extraordinary writ actions, is not available when there is an adequate remedy at law' "). He also could have raised his R.C. 2901.13 statute-of-limitations claim on appeal. *Daniel,* 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, at ¶ 8.

{¶ 8} Finally, Fortson did not raise his claim concerning the dismissal of his aggravated murder charge in his petition and never amended his petition to include this claim. And the entry attached to his petition and response establishes that the charge was *not* dismissed.

{¶ 9} Therefore, Fortson's petition did not state a viable habeas corpus claim. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

--------

Andrew Fortson, pro se.

Jim Petro, Attorney General, and Bruce D. Horrigan, Assistant Attorney General, for appellee.