JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Andrew Fortson, appeals the judgment of the trial court denying his motion to correct the record and vacate his conviction. For the reasons that follow, we affirm.
 {¶ 2} The record before us demonstrates that the Cuyahoga County Grand Jury returned a two-count indictment against appellant in case number CR-385443. Count one of the indictment charged appellant with aggravated murder, and count two of the indictment charged him with conspiracy to commit aggravated murder.
 {¶ 3} Appellant was subsequently indicted by the Cuyahoga County Grand Jury in case number CR-389991. The sole count of that indictment charged appellant with conspiracy to commit aggravated murder. The State apparently sought the second indictment on the conspiracy to commit aggravated murder charge so that the indictment would be in compliance with the then recent Supreme Court of Ohio case of State v. Childs
(2000), 88 Ohio St.3d 194, 2000-Ohio-298, which requires that overt acts of conspiracy must be specified in the indictment.
 {¶ 4} Prior to trial, the assistant prosecuting attorney stated on the record that the State was proceeding on the charge of aggravated murder in case number CR-385443, and the charge of conspiracy to commit aggravated murder in case number CR-389991. However, the assistant prosecuting attorney then stated that the State was dismissing count one of the indictment in case number CR-385443, the aggravated murder charge.
 {¶ 5} The case proceeded to a jury trial, without objection, on the charges of aggravated murder, as set forth in count one of the indictment in case number CR-385443, and conspiracy to commit aggravated murder, the sole count of the indictment in case number CR-389991. After its deliberations, the jury returned a guilty verdict against appellant on the aggravated murder charge, and acquitted him of the conspiracy to commit aggravated murder charge. Appellant was subsequently sentenced to life imprisonment with parole eligibility after 20 years.
 {¶ 6} Appellant's conviction was affirmed by this court in State v.Fortson (Aug. 2, 2001), Cuyahoga App. No. 78240. Appellant's subsequent application to reopen his appeal and appeal from the trial court's denial of his motion for a new trial were also rejected by this court. State v.Fortson (Dec. 11, 2001), Cuyahoga App. No. 78240; State v. Fortson,
Cuyahoga App. No. 82545, 2003-Ohio-5387.
 {¶ 7} Appellant thereafter filed a motion to correct the record and vacate his conviction, which was denied by the trial court. It is from the denial of that motion that this matter is once again before this court.
 {¶ 8} In his ten assignments of error, appellant essentially sets forth the following four issues for our review: 1) whether the aggravated murder count was dismissed by the State and, thus, the conviction for same void; 2) whether appellant was denied due process of law by the trial court's alleged failure to provide him with findings of fact and conclusions of law; 3) whether appellant was denied due process of law by the trial court's alleged failure to mail him a copy of its entry denying his motion to correct the record and vacate his conviction; and 4) whether the trial court erred in finding that appellant's claim was barred by the doctrine of res judicata. We will consider these issues in turn.
 {¶ 9} First, in regard to the validity of the conviction in this case, it is clear upon review of the record before us that the aggravated murder count was not dismissed. While the assistant prosecuting attorney referred to the aggravated murder count as the count in case number CR-385443 that the State was dismissing, it is apparent from the record that said reference was a mistake and that it was understood by all involved that what the State was actually dismissing in that case was the complicity count. The State explained on the record that its reason for dismissing the complicity to aggravated murder count in case number CR-3855443 was so that the count could be charged with more detail in case number CR-389991. Further, the assistant prosecuting attorney described the charges the State was going forward on: "* * * as to defendant Andrew Fortson, we are proceeding in Case Number 385443 with the charge of aggravated murder, and again, as to Defendant Fortson in Case Number 389991, count 1 of that indictment, conspiracy to commit aggravated murder."
 {¶ 10} Not only did the assistant prosecuting attorney's statements on the record make it clear what charge was being dismissed, the trial court's journal entry relative to the charge the State sought to dismiss, and which was accepted by the court for dismissal, clearly reflected that the conspiracy to commit aggravated murder charge was being dismissed. Furthermore, as already mentioned, the case proceeded to trial, without objection, on the aggravated murder and complicity to aggravated murder charges.
 {¶ 11} As such, we find appellant's argument that the State dismissed the aggravated murder count and, thus, that the conviction for same is void, without merit, and overrule assignments of error one, two, three, six, seven, eight and ten.
 {¶ 12} We find the second issue presented by appellant in this appeal, whether he was denied due process of law by the trial court's alleged failure to provide him with findings of fact and conclusions of law, also without merit. The record before us demonstrates that the trial court did file findings of fact and conclusions of law and that appellant was served with same as evidenced by his attachment of the findings of fact and conclusions of law as exhibit one to his supplemental brief. Accordingly, appellant's fourth assignment of error is without merit and hereby overruled.
 {¶ 13} Similarly, we find the third issue presented for our review by appellant, whether he was denied due process of law by the trial court's alleged failure to mail to him a copy of its entry denying his motion to correct the record and vacate his conviction, we find to be refuted by appellant's attachment of the same to his brief as exhibit one. Thus, appellant's fifth assignment of error is without merit and hereby overruled.
 {¶ 14} We also find the final issue presented by appellant for our review, whether the trial court erred in its finding that appellant's claim was barred by the doctrine of res judicata, to be without merit. Appellant claims that the trial court, in denying his motion to correct the record and vacate his conviction, held that his motion was barred by the doctrine of res judicata. A review of the trial court's entry denying appellant's motion to correct the record and vacate his conviction reveals that the trial court did not rely on the doctrine of res judicata in denying said motion. The trial court did, however, properly find in its findings of fact and conclusions of law that appellant's claim that the court lacked jurisdiction was barred by the doctrine of res judicata. As such, appellant's ninth assignment of error is without merit and hereby overruled.
 {¶ 15} Having found all ten of appellant's assignments of error to be without merit, we affirm the judgment of the trial court.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Corrigan, J., Concur.