FORTSON, APPELLANT, *v.* BRADSHAW, WARDEN, APPELLEE.

[Cite as *Fortson v. Bradshaw,* 109 Ohio St.3d 250, 2006-Ohio-2291.]

(No. 2005–2353—Submitted April 11, 2006—Decided May 24, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing an inmate's successive habeas corpus petition.

{¶ 2} In June 2000, the Cuyahoga County Court of Common Pleas convicted appellant, Andrew Fortson, upon a jury verdict of aggravated murder and sentenced him to life in prison with parole eligibility after 20 years. On appeal, the court of appeals affirmed. *State v. Fortson* (Aug. 2, 2001), Cuyahoga App. No. 78240, 2001 WL 898428.

{¶ 3} In October 2003, Fortson filed a petition in the Lorain County Court of Appeals for a writ of habeas corpus to compel his immediate release from prison. In response to a dismissal motion, Fortson claimed that his trial court lacked jurisdiction to convict and sentence him on the aggravated-murder charge because the state had dismissed that charge. The court of appeals dismissed the petition.

{¶ 4} On appeal, we affirmed the dismissal of the petition. *State ex rel. Fortson v. Kelly,* 102 Ohio St.3d 77, 2004-Ohio-1799, 806 N.E.2d 556. In so holding, we noted that the entry attached to Fortson's petition established that the aggravated-murder charge had not been dismissed. Id. at ¶ 8.

{¶ 5} Fortson filed three additional habeas corpus petitions, which were dismissed in April 2004 and August 2005.

{¶ 6} In May 2005, the Court of Appeals for Cuyahoga County affirmed the denial of Fortson's motion to correct the record and vacate his conviction. *State v. Fortson,* Cuyahoga App. No. 85096, 2005-Ohio-2463, 2005 WL 1190726. The court of appeals expressly rejected Fortson's argument that the state had dismissed his aggravated-murder charge:

{¶ 7} "[I]n regard to the validity of the conviction in this case, it is clear upon review of the record before us that the aggravated murder count was not dismissed * * *.

{¶ 8} "Not only did the assistant prosecuting attorney's statements on the record make it clear what charge was being dismissed, the trial court's journal entry relative to the charge the State sought to dismiss, and which was accepted by the court for dismissal, clearly reflected that the conspiracy to commit aggravated murder charge was being dismissed. Furthermore, * * * the case proceeded to trial, without objection, on the aggravated murder and complicity to aggravated murder charges." Id. at ¶ 9–10.

{¶ 9} In September 2005, Fortson filed yet another petition for a writ of habeas corpus, this time in the Court of Appeals for Richland County. Fortson sought the writ to compel appellee, Mansfield Correctional Institution Warden Margaret Bradshaw, to release him from prison. Fortson again claimed that the trial court lacked jurisdiction to convict and sentence him upon the aggravated-murder charge because the state had dismissed that charge. Fortson's petition included an affidavit in which he erroneously claimed that he had "not filed a civil action or appeal of a civil action against any government entity or employee in the previous five years." After Warden Bradshaw moved to dismiss Fortson's petition, Fortson filed an affidavit describing his prior civil actions. On November 8, 2005, the court of appeals granted the warden's motion and dismissed the petition.

{¶ 10} This cause is now before the court upon Fortson's appeal as of right.

{¶ 11} The court of appeals properly dismissed Fortson's petition because res judicata barred Fortson from filing a successive habeas corpus petition. *State ex rel. Rash v. Jackson,* 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 10–11. Since Fortson previously raised the issue of the alleged dismissal of his aggravated-murder charge, he may not use habeas corpus to gain successive appellate

reviews of the same issue. *Agee v. Russell* (2001), 92 Ohio St.3d 540, 548, 751 N.E.2d 1043.

{¶ 12} Moreover, Fortson failed to comply with R.C. 2969.25(A), which required that he file an affidavit describing each civil action or appeal from a civil action that he had filed in the previous five years in any state or federal court. His belated attempt to file the required affidavit does not excuse his noncompliance. *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9.

{¶ 13} Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

O'DONNELL, J., not participating.

_____

Andrew Fortson, pro se.

Jim Petro, Attorney General, and Gregory T. Hartke, Assistant Attorney General, for appellee.