DECISION
{¶ 1} Petitioner, Musa Ikharo ("petitioner"), filed this original action seeking issuance of a writ of habeas corpus. The petition named the Franklin County Prosecutor ("respondent") as the sole respondent. Respondent filed a motion to quash the summons issued against him and for an order dismissing the action. *Page 2 
 {¶ 2} We referred this matter to a magistrate pursuant to Rule 12(M) of this court and Civ.R. 53. On June 5, 2007, the magistrate issued a decision granting respondent's motion to dismiss and denying, as moot, respondent's motion to quash the summons. Petitioner filed objections to the magistrate's decision, respondent filed a memorandum in response, and petitioner filed a reply memorandum.
 {¶ 3} The magistrate concluded that this case should be dismissed because the petition shows on its face that petitioner is not currently incarcerated in a state correctional institution, and is therefore not entitled to a writ of habeas corpus. In his application, as well as in his objections to the magistrate's decision, petitioner argues that he is entitled to the writ because, although he is not currently incarcerated, his convictions restrict his ability to obtain employment and live in some places. However, as pointed out by the magistrate, the Ohio Supreme Court has rejected the argument that the loss of certain rights and privileges resulting from criminal convictions constitutes confinement or restraint for purposes of habeas corpus. Daniel v.State, 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891.
 {¶ 4} Furthermore, the petition improperly names the Franklin County Prosecutor as the respondent. R.C. 2725.04(B) requires that an application for a writ of habeas corpus specify "[t]he officer, or name of the person by whom the prisoner is * * * confined or restrained[.]" Even if petitioner's convictions did constitute a restraint for purposes of seeking a writ of habeas corpus, nothing in the petition sets forth how the Franklin County Prosecutor would be considered the officer or person restraining petitioner.
 {¶ 5} We agree with the magistrate's decision that petitioner's application fails to state a claim for which a writ of habeas corpus may be granted because petitioner is not *Page 3 
currently incarcerated. We also agree with the magistrate's conclusion that this renders moot respondent's motion to quash the summons that was served. Therefore, we adopt the magistrate's decision, but modify that decision to reflect that dismissal of the petition is also appropriate on the grounds that the petition improperly names the Franklin County Prosecutor as the respondent.
 {¶ 6} Consequently, we overrule petitioner's objections to the magistrate's decision, adopt the magistrate's decision as modified, and grant respondent's motion to dismiss.
Objections overruled; motion to dismiss granted; actiondismissed.
 BRYANT and McGRATH, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION IN HABEAS CORPUS ON RESPONDENT'S MOTION TO QUASH SUMMONS AND DISMISS PETITION {¶ 7} In this original action, petitioner, Musa Ikharo, requests a writ of habeas corpus.
Findings of Fact: {¶ 8} 1. On May 7, 2007, petitioner, Musa Ikharo, filed his petition for writ of habeas corpus. *Page 5 
 {¶ 9} 2. Petitioner named "State of Ohio Franklin County Prosecutor" as the sole respondent.
 {¶ 10} 3. On May 16, 2007, Franklin County Prosecutor Ron O'Brien moved to quash the summons issued against him by the Franklin County Clerk of Courts and for dismissal of this action.
 {¶ 11} 4. On May 18, 2007, petitioner filed a written response to respondent's May 16, 2007 motion.
 {¶ 12} 5. On May 24, 2007, petitioner filed a "motion for an order granting a hearing, finding of facts, and conclusion of laws."
 {¶ 13} 6. Earlier, on May 7, 2007, petitioner filed a paginated document numbered one through 19. Page one of the document contains the heading "Application for a Writ of Habeas Corpus." At page five, the document contains the heading "Memorandum in Support of Habeas Corpus." The magistrate shall treat the above-described 19-page document as the petition for a writ of habeas corpus.
 {¶ 14} 7. On May 7, 2007, petitioner also filed a two-page document captioned "Affidavit of Indigency and Affidavit in Support of the Writ of Habeas Corpus" ("Affidavit of Indigency").
 {¶ 15} 8. On page two of the petition, petitioner avers:
 * * * Petitioner claims that by virtue of his conviction as a felon, he is forever seriously restricted to places of work to earn a living, he is seriously restricted to places of residence and in particular, he is restricted to travel in and out of the United States which he volunteered his life to defend at all costs as active military personnel. *Page 6 
 {¶ 16} 9. According to the petition, on July 18, 1994, while petitioner was serving on active duty in the United States Navy, he was indicted by the Franklin County Grand Jury on four counts of rape, one court of felonious sexual penetration, and two counts of gross sexual imposition. Petitioner was arrested and then extradited to Ohio. He then entered a guilty plea and was convicted in December 1994.
 {¶ 17} 10. At page six of the petition, petitioner avers "he served his sentence in Pickaway County Correction, Orient, Ohio."
 {¶ 18} 11. In his affidavit of indigency, petitioner avers, inter alia:
 [One] I am currently unemployed and I am desperately looking for a job, I am available to work for any amount at this stage.
 * * *
 [Four] My rent is $425.00 per month on a rent to own contract.
Conclusions of Law: {¶ 19} It is the magistrate's decision that this court grant respondent's motion to dismiss.
 {¶ 20} It is clear from the petition itself that petitioner is no longer incarcerated in a state correctional institution. According to his affidavit of indigency, petitioner allegedly is actively looking for a job and paying rent.
 {¶ 21} R.C. 2725.04 provides:
 Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 (A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty; *Page 7 
 (B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 (C) The place where the prisoner is so imprisoned or restrained, if known;
 (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.
 {¶ 22} In Daniel v. State, 98 Ohio St.3d 467, 2003-Ohio-1916, the petitioner, Joseph Daniel, filed a petition for a writ of habeas corpus challenging his criminal conviction on grounds that the prosecution of his criminal case was not begun within the six-year statute of limitations for felony offenses. Daniel argued that his judgment of conviction was null and void.
 {¶ 23} Daniel conceded that he was no longer physically in state custody or otherwise illegally detained. He, nevertheless, contended that he was being unlawfully restrained of his liberty pursuant to the habeas corpus statute because his felony conviction prevented him from exercising various rights and privileges enjoyed by the rest of the citizenry.
 {¶ 24} The Daniel court, at ¶ 5, states:
 * * * [I]n State ex rel. Smirnoff v. Greene
(1998), 84 Ohio St.3d 165, 167 * * *, we recognized that "habeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some other type of physical confinement." See, e.g., State ex rel. Carrion v. Ohio Adult Parole Auth. (1998), 80 Ohio St.3d 637, 638 * * *; State ex rel. Jackson v. McFaul (1995), *Page 8 73 Ohio St.3d 185, 188[.] * * * See, also, R.C. 2725.04(B), (C), and (D). Daniel is not currently in custody or otherwise physically confined.
 {¶ 25} Here, the only allegation of restraint on liberty is found at page two of the petition, as previously quoted. Clearly, that allegation is insufficient as a matter of law to support a claim for a writ of habeas corpus. Daniel.
 {¶ 26} Accordingly, this action must be dismissed for failure to state a claim in habeas corpus.
 {¶ 27} Given that this action shall be dismissed, respondent's motion to quash the summons issued against him is rendered moot and, on that basis, must be denied.
 {¶ 28} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant in part and deny in part respondent's May 16, 2007 motion. It is the magistrate's decision that this court deny respondent's motion to quash the summons. It is further the magistrate's decision that this court grant respondent's motion to dismiss.
 KENNETH W. MACKE MAGISTRATE *Page 1