JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On March 18, 2008, the petitioner, Anthony-Lewis Jerdine, [1]
commenced this habeas corpus action against the respondents, the State of Ohio, Sheriff Gerald McFaul, Deputy Sheriff Ed Roman, Deputy Sheriff Watson, and Cuyahoga County Prosecutor William Mason. In his sixteen page petition Jerdine seeks to compel the respondents to appear, document, explain, and prove on the record pursuant to the Constitutions, the authority, legality, jurisdiction and the nature and cause under which the respondents are restraining him pursuant to the unlawful incarceration in Cuyahoga County Court of Common Pleas Case No. CR-07-502844.[2] On May 15, 2008, the respondents filed a motion to dismiss on the grounds of mootness. Attached to this motion were journal entries in which the County Prosecutor dismissed State of Ohio v.Anthony Jerdine, Cuyahoga County Common Pleas Court Case No. CR-07-502844, without prejudice and the trial judge ordered the defendant in the case released. A further review of the docket shows that the case is still closed and that the defendant has left jail.
 {¶ 2} In Jerdine's subsequent filings, including a motion to return property; a motion to certify conflict; notice and demand to suppress evidence; act of state and declaration of *Page 5 
independence declared by: Anthony-Lewis, Family of Jerdine; Official, actual, constructive, and express notice of unclean hands and fraud, to any and all agents officers, employees and attorneys of local, state, or federal governments; affidavit of criminal complaint; affidavit of UCC-1 filing security agreement; and petition for redress in the nature of quo warranto; Jerdine has not denied that he is no longer in the physical custody of the sheriff for Case No. CR-07-502488. It is obvious that he is still seeking redress for injuries he believes that have been done to him, but the requisite physical custody is not an issue.
 {¶ 3} In State ex rel. Smirnoff v. Greene, 84 Ohio St.3d 165, 702
N.E.2d 423, 1998-Ohio-526, the Supreme Court of Ohio ruled that in Ohio habeas corpus is the appropriate remedy for release from prison or some other type of physical confinement. It is not a remedy to determine the legality of charges, determine the propriety of police actions, the qualifications of public officers, or obtain a money award for damages. Because Jerdine has already been released from physical confinement regarding the subject underlying case, habeas corpus will not lie.
 {¶ 4} Accordingly, the court grants the respondents' motion to dismiss. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR
[1] Initially, the petitioner refers to himself as Anthony Lewis, but subsequently he refers to himself as Anthony-Lewis Jerdine, Anthony Jerdine, Anthony L. Jerdine, Anthony Lewis of the Jerdine Family, or some variant thereon.
[2] From all of his filings it is difficult to discern exactly what legal theory Jerdine is advocating: (1) the respondents must generally prove the jurisdiction of the trial court, (2) the actions of the individuals in arresting him and searching his house were so improper, irregular and illegal, that they are ultra vires voiding the proceedings ab initio, (3) as a sovereign, autonomous natural person, he is beyond the jurisdiction of the sheriff and the common pleas court, (4) an unorthodox view of the law based on contract and UCC filings, and/or (5) some other theory. *Page 1