[Cite as *In re Volk*, 2014-Ohio-5412.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
COSHOCTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LEANNA M. VOLK | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Relator | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | CASE NO. 2014CA0007 |
| | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:          Petition for Writ of
                                                           Habeas Corpus

JUDGMENT:                                         DISMISSED

DATE OF JUDGMENT ENTRY:           December 2, 2014

APPEARANCES:

For Relator: (Pro Se)                           For Respondent:

Leanna M. Volk
15344 County Road 429
Coshocton, Ohio  43812

Delaney, P.J.,

{¶1}   Petitioner, Leanna M. Volk, has filed a Petition for Writ of Habeas Corpus arguing she is illegally being prohibited from parenting her children.

{¶2}   In order to prevail on a petition for a writ of habeas corpus in a child custody case, the petitioner must establish that (1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to custody of the child. *Holloway v. Clermont Cty. Dept. of Human Serv.*, 80 Ohio St.3d 128, 130, 684 N.E.2d 1217, 1219 (1997).

{¶3}   The Ohio Supreme Court has consistently indicated that, in relation to child custody matters, the issuance of the writ should be "the exception rather than the general rule * * *." *Barnebey v. Zschach*, 71 Ohio St.3d 588, 646 N.E.2d 162 (1995).

{¶4}   Before reaching the merits, we have determined the petition must be dismissed.  We find Petitioner has failed to name the natural father of the children as a respondent.  See, *State ex rel. Bruggeman v. Auglaize Cty. Court of Common Pleas*, 87 Ohio St. 3d 257, 257, 1999-Ohio-52, 719 N.E.2d 543, 544 (Dismissal of habeas petition affirmed where former husband was required to name former wife, who had custody of parties' child, as respondent in petition for writ of habeas corpus. . .). For this reason, the Petition must be dismissed.

{¶5}   Petitioner also has failed to attach all necessary custody papers as required by R.C. 2725.04, and the petition is not verified by affidavit.  Failure to attach pertinent custody papers as well as failure to verify the petition warrants dismissal.  See, *Holloway v. Clermont Cnty. Dep't of Human Servs.*, 80 Ohio St. 3d 128, 1997-Ohio-131, 132, 684 N.E.2d 1217, 1220.   The only custody order attached to the petition is a

magistrate's decision dated August 14, 2013. Although not time stamped, there are copies of objections attached to the petition. From the petition, it is clear there are other relevant orders in this case which are not attached to the petition. No affidavit of verity is attached to the petition.

{¶6} Even if we were to address the merits, the petition would fail. It appears from the petition that Petitioner essentially takes issue with the trial court's allocation of parental rights and responsibilities and denial of visitation. "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law. *State ex rel. Fortson v. Kelly,* 102 Ohio St.3d 77, 2004-Ohio-1799, 806 N.E.2d 556, ¶ 7." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St. 3d 427, 428, 2004-Ohio-5579, 816 N.E.2d 594, 595.

{¶7} Petitioner has or had an adequate remedy at law to contest the trial court's ruling by way of filing an objection to any magistrate's decision or by filing an appeal from any order of the trial court.

{¶8} For these reasons, the petition for writ of habeas corpus is denied. The petition is dismissed.

By: Delaney, P.J.
Farmer, J. and
Wise, J. concur

[Cite as *In re Volk*, 2014-Ohio-5412.]