[Cite as *Smith v. Miller*, 2015-Ohio-2746.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO ex rel. WARREN SMITH, SUI-JURIS, | ) ) ) | |
| PETITIONER, | ) ) | |
| V. | ) ) | CASE NO. 15 BE 26 |
| MICHELE MILLER, WARDEN BELMONT CORRECTIONAL INSTITUTION, | ) ) ) | OPINION AND JUDGMENT ENTRY |
| RESPONDENT. | ) ) | |

CHARACTER OF PROCEEDINGS:      Petition for Writ of Habeas Corpus

JUDGMENT:      Dismissed

APPEARANCES:
For Petitioner      Warren Smith, Pro-se
A297258
P.O. Box 540
St. Clairsville, Ohio 43950-0540

For Respondent      Paul Kerridge
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: July 2, 2015

PER CURIAM.

{¶1} On April 27, 2015, Petitioner Warren Smith filed a pro se "commercial writ in petition for writ of habeas corpus" claiming the sentencing court lacked jurisdiction resulting in his sentencing order being void. Respondent Michelle Miller, Warden of the Belmont Correctional Institution in Saint Clairsville, Ohio answered by filing a motion to dismiss/motion for summary judgment.

{¶2} A jury found Smith guilty of three counts of rape, one count of gross sexual imposition, and seven counts of corruption of a minor. *State v. Smith*, 2d Dist. No. 94-CA-86, 1995 WL 655943 (Nov. 8, 1995). The trial court sentenced Smith to consecutive five to twenty-five year terms on two of the rape convictions, to an identical concurrent term on the remaining rape conviction, and to concurrent two-year terms on all remaining counts. *Id.* Smith appealed challenging his conviction and sentence. *Id.* The Second District vacated one count and remanded the matter for a new trial on that charge. *Id.* The convictions and sentence were affirmed in all other respects. *Id.*

{¶3} In 1999, Smith appealed from a judgment of the Greene County Common Pleas Court classifying him as a sexual predator. The Second District found no violation of Smith's constitutional rights and affirmed the classification. *State v. Smith*, 2d Dist. No. 99 CA 121, 2000 WL 353171 (April 7, 2000).

{¶4} In his "commercial writ in petition for writ of habeas corpus" Smith argues that the trial court did not possess jurisdiction over him because the sentencing paperwork is void. Though the substance of Smith's argument is not

readily apparent, the Respondent proffers that Smith is attempting to merge two legal theories: (1) the sovereignty of the Federal Reserve Board and (2) the "Commercial Affidavit Process." Respondent argues that these claims are not cognizable or meritorious in a habeas corpus action. The Respondent is correct.

{¶5} Individuals who are "unlawfully restrained" may prosecute a writ of habeas corpus. R.C. 2725.01. Application is made by petition which must contain certain information and enumerated items. R.C. 2725.04. If the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. However, "if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Pegan v. Crawmer*, 73 Ohio St.3d 607, 609, 1995-Ohio-175, 653 N.E.2d 659.

{¶6} Smith had alternate remedies at law which preclude granting his writ of habeas corpus. Specifically, Smith filed a direct appeal of his convictions which the Second District affirmed. *State v. Smith*, 2d Dist. No. 94-CA-86, 1995 WL 655943 (Nov. 8, 1995). Therefore, that direct appeal afforded Smith an adequate legal remedy to raise the issue he now claims in this habeas action. Habeas is not a substitute for direct appeal or post-conviction relief. *Daniel v. State*, 98 Ohio St.3d 467, 2003–Ohio–1916, 786 N.E.2d 891, ¶ 8. Because Smith had an adequate legal remedy in the form of a direct appeal, he is not entitled to the extraordinary remedies available in a habeas action.

{¶7} Further, Smith failed to attach to his complaint a proper statement setting forth the balance of his inmate account for the preceding six months from date

of filing as certified by the institutional cashier, in accordance with R.C. 2969.25(C)(1). Smith attached a statement from the period of February 2014 through July 2014 and this action was filed on April 27, 2015. Additionally, this document was not certified by the institutional cashier. "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *Boles v. Knab,* 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1, quoting *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634.

{¶8}  For the foregoing reasons, Smith's petition for writ of habeas corpus is hereby dismissed. Costs taxed against Petitioner. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.

DeGenaro, J. concurs.

Donofrio, P.J. concurs.

Waite, J. concurs.