[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 165.]

THE STATE EX REL. SMIRNOFF, M.D., APPELLEE, *v.* GREENE, JUDGE, APPELLANT.

[Cite as *State ex rel. Smirnoff v. Greene*, 1998-Ohio-526.]

*Criminal law–Bail condition preventing relator from prescribing and administering dangerous drugs–Habeas corpus not proper remedy to challenge bail condition when condition does not limit relator's freedom of movement or otherwise represent a restriction of his liberty severe enough to require the writ.*

(No. 98-1096–Submitted November 10, 1998–Decided December 16, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 74330.

————————————

{¶ 1} In September 1997, appellant, George Smirnoff, M.D., was indicted on two hundred and fifteen counts of drug trafficking in violation of R.C. 2925.03 and two counts of corrupting another with drugs in violation of R.C. 2925.02. On February 12 and 13, 1998, the Cuyahoga County Court of Common Pleas conducted hearings on Smirnoff's request for bail. The court initially set bail at $1,800,000. Smirnoff and the state then agreed that they would jointly recommend that Smirnoff's bail be reduced to $100,000 in return for his agreement to certain conditions, which included the following:

"2. Defendant agrees to voluntarily surrender, during the pendency of this lawsuit, any and all controlled substances, as defined by the Ohio Revised Code, presently on the premises of his medical office to an authorized representative of the State of Ohio, who will prepare an audit and inventory of all such controlled substances and cause copies thereof to be delivered to all parties to this agreement."

"3. Defendant agrees to refrain from dispensing, and/or writing prescriptions for, any and all controlled substances, as defined by the Ohio Revised

Code, during the pendency of this lawsuit, including, but not limited to the drug, Soma."

{¶ 2} The trial court adopted the agreement of the parties, with the additional condition that Smirnoff agree to refrain from dispensing "all medicines altogether," not simply controlled substances. Smirnoff verbally assented to this additional bail condition and further testified under oath that, pursuant to the parties' agreement, he would not prescribe or dispense Soma, which is a dangerous drug as defined in R.C. 4729.02(D).[1]

{¶ 3} After being released on bail, Smirnoff filed a motion to modify his bail conditions. Smirnoff requested that, in accordance with his original agreement with the state, he be permitted to dispense all medications, except for controlled substances and Soma. Appellee, Cuyahoga County Common Pleas Court Judge Lillian J. Greene, granted Smirnoff's motion in part, ordering that "defendant may dispense medications listed in office, but must prescribe said medications by way of a numbered prescription pad; the order does not include the dispensing of or prescribing of ephedrine, Esgic, or Ultram."

{¶ 4} Following evidence that Smirnoff had violated his bail conditions by prescribing Esgic, Judge Greene held a hearing on the state's motion to clarify Smirnoff's bail conditions. At the hearing, Smirnoff's counsel admitted that Smirnoff had also violated the bail agreement by his office's prescription of Soma

---

1. R.C. 4729.02(D) defines "dangerous drug" to mean any of the following:

"(1) Any drug to which either of the following applies:

"(a) Under the 'Federal Food, Drug, and Cosmetic Act' [it] is required to bear a label containing the legend 'Caution: Federal law prohibits dispensing without prescription' or 'Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian' or any similar restrictive statement, or may be dispensed only upon a prescription;

"(b) Under Chapter 3715. or 3719. of the Revised Code [it] may be dispensed only upon a prescription;

"(2) Any drug that contains a schedule V controlled substance and that is exempt from Chapter 3719. of the Revised Code or to which that chapter does not apply;

"(3) Any drug intended for administration by injection into the human body other than through a natural orifice of the human body."

on March 6. Following the hearing, Judge Greene clarified Smirnoff's bail conditions by ordering:

"1. Neither Defendant nor a staff member shall prescribe, administer or dispense any controlled substance as defined in O.R.C. 3719.01, *et sequitur*, O.R.C. 3715 and any other statutory reference; including Soma;

"2. Neither Defendant nor a staff member shall prescribe, administer or dispense any dangerous drug as defined in O.R.C. [Chapter] 4729 *et sequitur* and in any other statutory reference;

"3. Further, should Defendant or any staff member need to prescribe, administer or dispense a dangerous drug for the legitimate treatment of an illness or medical condition, they shall first seek a variance of this order from the Court on a case by case basis.

"Dangerous drugs, as addressed in this order, refer to those dangerous drugs which when used alone or in conjunction with other substances can be addictive and/or abused."

{¶ 5} On April 10, when Judge Greene received verification that Smirnoff had again prescribed a prohibited medication without first seeking any variance as specified in her previous order, Judge Greene modified Smirnoff's bail to preclude him from prescribing, dispensing, or administering "any dangerous drugs as defined by statute or any controlled substances, period."

{¶ 6} On April 14, Smirnoff filed a petition in the Court of Appeals for Cuyahoga County for a writ of habeas corpus to challenge Judge Greene's bail condition that Smirnoff refrain from prescribing and administering dangerous drugs as defined by statute. Smirnoff claimed that Judge Greene's April 10 order in effect prohibited him from practicing medicine because he could not prescribe "thousands of * * * medications, * * * many of which have no potential for abuse." Smirnoff, however, conceded that a bail condition barring him from prescribing medications listed in his indictment would be reasonable. Judge Greene opposed Smirnoff's

petition by asserting that Smirnoff lacked standing because he neither was confined nor had his liberty restricted due to the challenged bail condition.

{¶ 7} The court of appeals, in a two-to-one decision, granted the writ of habeas corpus and modified Smirnoff's bail to permit him to prescribe any "dangerous drug" as defined by R.C. 3719.01 and 4729.02 with certain specified exceptions and also allowed Smirnoff to administer local, injectable anesthetic drugs for "in office" procedures. The court of appeals rejected Judge Greene's contention that Smirnoff lacked standing to challenge his bail condition.

{¶ 8} This cause is now before the court upon an appeal as of right. We granted Judge Greene's motion to stay the court of appeals' judgment pending disposition of this appeal. 82 Ohio St.3d 1479, 696 N.E.2d 1086.

_____

*Jerome Emoff* and *Georg Abakumov*, for appellee.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Macy Lee*, Assistant Prosecuting Attorney, for appellant.

_____

***Per Curiam.***

{¶ 9} Judge Greene asserts in her sole proposition of law that the court of appeals erred in granting the writ of habeas corpus when Smirnoff was neither confined nor restrained of his liberty by the challenged bail condition preventing him from prescribing and administering dangerous drugs. For the reasons that follow, we find Judge Greene's contention to have merit and reverse the judgment of the court of appeals.

{¶ 10} First, habeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some other type of physical confinement. See, *e.g., State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760; *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749; see, also,

R.C. 2725.04(D), requiring the attachment of a copy of the "commitment or cause of detention" to habeas corpus petitions, and R.C. 2725.05 ("If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate  * * *."). Smirnoff is not physically confined. Instead, upon posting bail of $100,000, he was released from confinement.

{¶ 11} Second, the court of appeals erroneously relied on *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 635 N.E.2d 26, *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270, 553 N.E.2d 1053, *In re Green* (1995), 101 Ohio App.3d 726, 656 N.E.2d 705, and *In re Petition of Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987, to hold that Smirnoff was entitled to the writ. These cases hold that habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial release cases, see *Pirman*, 69 Ohio St.3d at 593-594, 635 N.E.2d at 29. But as Judge O'Donnell noted in his dissent from the court of appeals' judgment, all of these cases are inapposite because they involved habeas corpus petitioners physically confined because of the claimed excessive bail. See, also, S.Ct.R.Rep.Op. 1(C), providing that "[i]n a *per curiam* opinion of the Supreme Court, the point or points of law decided in the case are contained within the text of each *per curiam* opinion and are those necessarily arising from the facts of the specific case before the Court for adjudication."

{¶ 12} Third, in regard to Smirnoff's reliance on cases involving the federal writ of habeas corpus, the state writ of habeas corpus is not coextensive with the federal writ. *Rodgers v. Capots* (1993), 67 Ohio St.3d 435, 436, 619 N.E.2d 685, 686. We have similarly held that habeas corpus is unavailable to complain about parole conditions that allegedly restrict a petitioner's liberty, holding that depending on the circumstances, either declaratory judgment or mandamus is the appropriate and adequate legal remedy. See, *e.g., Hattie v. Anderson* (1994), 68

Ohio St.3d 232, 234, 626 N.E.2d 67, 70; see, also, *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 354, 4 O.O.3d 485, 487-488, 364 N.E.2d 286, 288.

**{¶ 13}** Finally, even assuming that habeas corpus lies to challenge bail conditions when the petitioner is not physically confined, the bail condition challenged by Smirnoff is not of sufficient severity to warrant extraordinary relief in habeas corpus. R.C. 2725.01 provides that "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." "Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality * * *, *its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate*." (Emphasis added.) *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist. Santa Clara Cty.* (1973), 411 U.S. 345, 351, 93 S.Ct. 1571, 1574-1575, 36 L.Ed.2d 294, 300. Bail conditions restricting freedom of movement have been held to be sufficiently severe to warrant relief in federal habeas corpus. *Id.*; see, also, *Justices of Boston Mun. Court v. Lydon* (1984), 466 U.S. 294, 300-301, 104 S.Ct. 1805, 1809, 80 L.Ed.2d 311, 319-320.

**{¶ 14}** Here, however, Smirnoff does not challenge his bail conditions restricting his freedom of movement. In fact, he agreed to those conditions as well as conditions preventing him from prescribing all controlled substances and Soma and from dispensing all medications. The sole condition he challenges, preventing him from prescribing or administering dangerous drugs, was imposed only after he repeatedly breached his other parole conditions. This condition did not limit his freedom of movement or otherwise represent a restriction on his liberty severe enough to require the writ. Cf., *e.g., Duvallon v. Florida* (C.A.11, 1982), 691 F.2d 483 (imposition of fine without incarceration not cognizable in habeas corpus); *Lefkowitz v. Fair* (C.A.1, 1987), 816 F.2d 17 (revocation of medical license based

on conviction not cognizable in habeas corpus).  In this regard, the challenged condition did not completely prevent Smirnoff from practicing medicine.

{¶ 15} Based on the foregoing, the court of appeals erred in granting the writ of habeas corpus.  Accordingly, we reverse the judgment of the court of appeals and deny the writ.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————