OPINION
Appellant, Michael Calhoun, appeals the judgment entry from the Lake County Court of Common Pleas dated January 17, 2001.
On August 23, 1989, the Lake County Grand Jury indicted appellant on the following: (1) attempted aggravated murder, in violation of R.C.2923.02, a felony of the first degree; (2) felonious assault, in violation of R.C. 2903.11, a felony of the second degree; (3) kidnapping, in violation of R.C. 2905.01, a felony of the first degree; (4) rape, in violation of R.C. 2907.02, a felony of the first degree; (5) aggravated robbery, in violation of R.C. 2911.01, a felony of the first degree; (6) aggravated burglary, in violation of R.C. 2911.11, a felony of the first degree; and (7) theft, in violation of R.C. 2913.02, a misdemeanor of the first degree. At his arraingment on August 25, 1989, appellant entered a plea of not guilty to the charges.
On November 6, 1989, appellant filed a motion to suppress the search warrant, and on March 14, 1990, appellant moved to suppress the DNA evidence. The trial court denied both motions. Thereafter, on August 2, 1990, appellant withdrew his not guilty plea and executed a written plea of guilty to the charges of attempted aggravated murder, rape, and aggravated burglary. In a judgment entry filed on August 7, 1990, the trial court entered a nolle prosequi on the felonious assault, kidnapping, aggravated robbery, and theft counts. On September 10, 1990, the trial court sentenced appellant to an indefinite term of ten to twenty-five years on the attempted aggravated murder charge, ten to twenty-five years on the rape charge, and five to twenty-five years on the aggravated burglary charge. The court ordered that the sentences would run consecutively.
On November 29, 1993, appellant filed a pro se request for transcripts to be provided at the state's expense in order to properly prepare his postconviction relief petition. The trial court subsequently granted the motion with respect to the suppression hearing held on July 3, 1990, the plea hearing held on August 2, 1990, and the sentencing hearing held on September 4, 1990.
On September 23, 1996, appellant filed a motion for postconviction relief under R.C. 2953.21. He asserted that he did not knowingly, intelligently and voluntarily waive his constitutional rights in entering his guilty plea. Specifically, he argued that his trial counsel coerced him into pleading guilty. He also claimed that his trial counsel was ineffective in failing to file a motion to withdraw his guilty plea, upon his request, before sentencing. In support of his claims, appellant attached his own affidavit, the change of plea hearing transcript, and the sentencing hearing transcript. After the state responded to the petition with the affidavit of appellant's trial counsel, appellant filed a motion to supplement his petition with an affidavit of his mother and the presentence report and psychiatric evaluation prepared for his sentencing hearing. The trial court granted the request.
In a judgment entry filed on March 10, 1997, the trial court overruled appellant's petition without an evidential hearing. Appellant appealed the judgment to this court, and we reversed and remanded the matter for the trial court to conduct an evidential hearing and for the court to issue more specific findings of fact and conclusions of law. State v. Calhoun
(June 30, 1998), 11th Dist. No. 97-L-063, 1998 WL 553208, at 5.
The state appealed, and on September 1, 1999, the Supreme Court of Ohio reversed our decision and concluded that the trial court properly weighed the credibility of the affidavits, properly found that appellant had not set forth sufficient operative facts to warrant a hearing, and properly issued sufficient findings of fact and conclusions of law. State v.Calhoun, 86 Ohio St.3d 279, 292, 1999-Ohio-102.
On December 4, 2000, appellant filed a "Motion for an Order Finding That These Issues Could not of [sic] Been Filed Within the Time Requirements of One Year." Attached to the December 4, 2000 motion was a motion to withdraw his guilty plea and a petition to vacate his conviction and set aside the sentence. The state of Ohio responded to both motions on January 11, 2001. On January 17, 2001, the trial court issued a judgment entry denying both motions. It is from that entry that appellant timely filed the instant appeal and now assigns the following as error:
 "[1.] [Appellant's] constitutional rights were violated when his attorney erroneously informed him that he would make a [sic] parole the first time before the parole board in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and the trial court erred for not ruling on the merits relevant to this issue.
 "[2.] [Appellant's] Fourteenth Amendment [sic] to the United States Constitution was violated when the Ohio Adult Parole Authority ignored the plea agreement made by [appellant] with the state of Ohio wherein he [pleaded] guilty to an "attempted murder" but was placed in a category 11, which is above aggravated murder and is usually a category for murder and a trial court commits reversible error for failing to rule on the merits.
 "[3.] A defendant's Sixth and Fourteenth Amendments to the U.S. Constitution are violated when counsel fails to inform a defendant of exculpatory evidence or [evidence] that might lead to exoneration of a "rape" charge and a trial court errs in not granting relief when those facts are shown to have occurred in violation of the Fourteenth Amendment.
 "[4.] Counsel was ineffective for failing to inform [appellant] that the court lacked jurisdiction or to advise [appellant] that he could have entered a "no contest plea" and appealed the denial of the motion to suppress in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and it appears counsel was involved in the cover up of the fraudulent scheme to obtain jurisdiction.
Appellant's first, third, and fourth assignments of error are interrelated and will be addressed in a consolidated manner. All three assignments of error allege that appellant received ineffective assistance of counsel. For his first assignment of error, appellant argues that his constitutional rights were violated when his attorney erroneously informed him that he would make parole his first time before the parole board. In his third assignment of error, appellant claims that his constitutional rights were violated because his attorney failed to inform him of exculpatory evidence, which would lead to an exoneration of the rape charge. Under his fourth assignment of error, appellant posits that his counsel was ineffective for failing to inform appellant that he could have entered a no contest plea and appealed from the denial of the motion to suppress.
Preliminarily, we note that appellant's third and fourth assignments of error are barred by the doctrine of res judicata. Res judicata prevents the consideration of any claim that was raised or could have been raised in an earlier appeal. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Furthermore, this court may apply the doctrine of res judicata if the petition for postconviction relief does not include any material dehors the record in support of the claim for relief. Statev. Combs (1994), 100 Ohio App.3d 90, 97. Here, the issues raised by appellant in his third and fourth assignments of error could have been raised on direct appeal, and they were not.
Assuming arguendo that the issues were not barred by the doctrine of res judicata, appellant still would have been unsuccessful in his ineffective assistance of counsel claim. For an appellant to succeed on a claim of ineffective assistance of counsel, he must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. State v. Bradley (1989), 42 Ohio St.3d 136,141-142. In considering if counsel's performance was deficient, we initiate analysis with the predicate of applying the presumption that counsel's conduct was within the range of reasonable professional assistance. Id. at 142. To prove prejudice by counsel's deficient performance, an appellant must demonstrate a reasonable probability that the result of the trial would have been different, but for his counsel's errors. Id. at 143. In Ohio, every properly licensed attorney is presumed to be competent. State v. Smith (1985), 17 Ohio St.3d 98, 100. The burden of proving ineffective assistance of counsel falls upon the defendant. Id.
In the instant matter, appellant argues that his trial attorney indicated to him that he would make parole the first time he went before the parole board. After he did not make parole, on December 4, 2000, he filed a motion to withdraw his guilty plea and a petition to vacate his conviction and sentence. Attached to appellant's motion was an affidavit alleging the recommendations made by his trial counsel regarding being paroled. The trial court denied the motion.
The Supreme Court of Ohio stated that "* * * a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." Calhoun, 86 Ohio St.3d at 284.
In his affidavit, appellant alleges his trial attorney indicated that he would make parole his first time before the parole board. In advancing his claims, appellant submits self-serving, unsubstantiated statements that his attorney pressured him into accepting the guilty plea. In light of the record before us, appellant has provided no evidence with his motion to support his assertions, and his self-serving statements are insufficient to rebut his written guilty plea. State v. Perry (May 2, 1997), 11th Dist. No. 95-T-5315, 1997 WL 269202, at 3.[1]
Moreover, we note that the Supreme Court of Ohio addressed appellant's trial counsel's performance in its Calhoun decision. The Supreme Court concluded that appellant was not prejudiced by his trial attorney's conduct. Calhoun at 291. It is our view that appellant has failed to show that his trial attorney was deficient in his representation. Therefore, appellant has failed to prove that he received ineffective assistance of counsel. Appellant's first, third, and fourth assignments of error lack merit.
Under his second assignment of error, appellant contends that his constitutional rights were violated because the Adult Parole Authority breached its contract with him by placing him in a category 11 instead of a category 10.
On March 1, 1998, the Ohio Department of Rehabilitation and Correction ("DRC") issued the Ohio Parole Board Guidelines Manual. These guidelines were established to assist the Ohio Adult Parole Authority ("APA") in making consistent, fair, and equitable decisions in deciding the amount of time an offender must serve before being released to the community, without removing the opportunity for individual case consideration.Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), 2nd Dist. No. 99 CA 17, 2000 WL 43712, at 1. "The revised guidelines were in the form of a grid, on which thirteen categories of offense seriousness were listed on the vertical axis and four risk of recidivism categories were listed on the horizontal axis. By locating the intersection of the categories on the vertical and horizontal axes which applied to the crime committed by the offender, the APA was informed of a guideline range of months to be served by the offender before consideration of release." Id.
We note that a prisoner has no constitutional or statutory right to early release or to consideration for early release. State ex rel. Vaughnv. Ohio Adult Parole Auth. (1999), 85 Ohio St.3d 378, 379. The use of guidelines or risk assessment sheets is completely discretionary. Wisev. Ohio Dept. of Rehab. Corr. (1992), 84 Ohio App.3d 11, 13. Since the APA created the guidelines, they have the power to change, regulate, deviate, or terminate their use. Randolph, supra.
In the case at hand, the record before us is sparse. Nonetheless, we conclude that the APA owed no duty to appellant to ensure that he was placed in any certain guideline level. Appellant has failed to show that there was any breach of the terms of his plea agreement. Further, there is nothing in the record to indicate that the terms of appellant's release were anywhere in the plea, and there was also no proof that appellant was promised a specific sentence or a particular guideline level. Instead, appellant entered a plea of guilty in exchange for a reduced charge, and he was sentenced to consecutive terms.
The decision to deny parole is not subject to judicial review, either by the trial court or by this court. See Hattie v. Anderson,68 Ohio St.3d 232, 233, 1994-Ohio-517. This does not leave an appellant without a remedy if the APA has actually lengthened his sentence beyond the maximum because an appellant may file a writ of habeas corpus seeking his immediate release if the maximum sentence has expired. Frazier v.Stickrath (1988), 42 Ohio App.3d 114, 115-116.
However, mandamus or a declaratory judgment action may be the more appropriate remedy if the appellant contends that the APA has incorrectly calculated his release date. See State ex rel. Smirnoff v. Greene,84 Ohio St.3d 165, 168, 1998-Ohio-526; Hattie at 234. A complaint for declaratory judgment is a civil action that provides a remedy in addition to other legal and equitable remedies available. Aust v. Ohio StateDental Bd. (2000), 136 Ohio App.3d 677, 681. A "declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines." Hattie at 235; Linger v. Ohio AdultParole Auth. (Oct. 14, 1997), 10th Dist. No. 97APE04-482, 1997 WL 638411, at 3. Therefore, an appropriate remedy for appellant would not be before this court, but would lie as an independent action against the parole board. Appellant's second assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J. concur.
[1] Appellant has not supplied us with a copy of the transcript from the change of plea hearing.