OPINION
{¶ 1} Richard Duerr Lober appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed his petition for a writ of habeas corpus.
 {¶ 2} On November 1, 2006, Lober filed a petition for a writ of habeas corpus in Case No. 2005-CR-1916, one of the criminal cases in which he was sentenced to *Page 2 
prison and his commercial driver's license was suspended. The petition asked the trial court to vacate the judgment of conviction due to his counsel's alleged ineffective assistance. Lober requested a hearing on his petition. The State moved to dismiss the petition, asserting that the petition failed to satisfy any of the requirements of R.C. 2725.04
and that he had an adequate remedy at law. Lober opposed the motion.
 {¶ 3} On January 10, 2007, the trial court granted the State's motion to dismiss. The court concluded that Lober had failed to "state with particularity the extraordinary circumstances entitling him to habeas corpus relief." It further stated that a habeas corpus petition is not a substitute for an appeal or post-conviction relief.
 {¶ 4} Lober appeals, claiming that the trial court erred in dismissing his petition for a writ of habeas corpus. Although Lober's brief is difficult to decipher, he appears to argue that extraordinary relief in habeas corpus was proper because: (1) his commercial driver's license remains suspended; (2) his trial counsel rendered ineffective assistance; (3) his sentence was contrary to pretrial agreements; (4) his sentence violated State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470; and (5) the trial court violated "Ohio's Elements of Laches" and precluded Lober from filing a timely appeal. Lober further claims that the trial court should have held a hearing on his petition. Lober's claims are unavailing.
 {¶ 5} "A writ of habeas corpus is warranted in certain extraordinary circumstances `where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'"Johnson v. Timmerman-Cooper, 93 Ohio St.3d 614, 616, 2001-Ohio-1803,757 N.E.2d 1153, quoting Pegan v. Crawmer, 76 Ohio St.3d 97, 99,1996-Ohio-419, 666 N.E.2d 1091; Drake v. Tyson-Parker, *Page 3 101 Ohio St.3d 210, 210, 2004-Ohio-711, 803 N.E.2d 811.
 {¶ 6} In order to apply for a writ of habeas corpus, the applicant must comply with R.C. 2725.04. Under that statute, the application must be a signed and verified petition, and the petition must specify:
 {¶ 7} "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 {¶ 8} "(B) The officer, or name of the person by whom the prisoner is so confined or restrained * * *;
 {¶ 9} "(C) The place where the prisoner is so imprisoned or restrained, if known;
 {¶ 10} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 11} Upon review, we find no error in the trial court's dismissal of Lober's petition for a writ of habeas corpus.
 {¶ 12} First, Lober's petition failed to comply with R.C. 2725.04. Lober failed to name the proper party in the caption of his petition. See R.C. 2725.04(B); State ex rel. Sherrills v. State,91 Ohio St.3d 133, 2001-Ohio-299, 742 N.E.2d 651. The petition did not state that Lober was being unlawfully imprisoned, and it did not indicate the location where he was imprisoned or restrained. No commitment papers were attached as required by R.C. 2725.04(D). See Sherrills, supra.
 {¶ 13} Second, a petition for a writ of habeas corpus is not the appropriate vehicle for Lober to raise his challenges to his conviction and sentence. "Habeas *Page 4 
corpus may not be used as a substitute for appeal nor may it be resorted to where an adequate statutory remedy for review of the questions presented exists." In re Piazza (1966), 7 Ohio St.2d 102, 103,218 N.E.2d 459. Although Lober asserts that the trial court has impaired his ability to appeal his conviction, Lober has acknowledged that a direct appeal of Case No. 2005-CR-1916 is pending. Montgomery App. No. 21477.
 {¶ 14} Because Lober's petition for a writ habeas corpus, on its face, did not state a claim for extraordinary relief, the trial court did not err in dismissing the petition without a hearing.
 {¶ 15} Finally, Lober's appeal appears to be moot due to the lack of confinement. Crase v. Bradshaw, 108 Ohio St.3d 212, 2006-Ohio-663,842 N.E.2d 513 (dismissing appeal as moot when prisoner had been released). "A writ of habeas corpus is appropriate `only if the petitioner is entitled to immediate release from prison or some other type of physical confinement.'" Ross v. Kinkela, Cuyahoga App. No. 79411, 2001-Ohio-4256, quoting State ex rel. Smirnoff v. Greene, 84 Ohio St.3d 165, 167,1998-Ohio-526, 702 N.E.2d 423. Lober was sentenced in Case Nos. 2005-CR-1916 and 2005-CR-358 on December 20, 2005. The court imposed a nine-month term of incarceration in each case, to be served consecutively. Lober was awarded 59 days of jail time credit. Based on the court's sentence, Lober was to be released in 2007, and there is no evidence that Lober is currently incarcerated in Ohio in regard to these cases or any other case. Although Lober asserts that his petition is not moot because the commercial driver's license suspension imposed in Case No. 2005-CR-1916 has not expired, a writ of habeas corpus is not the appropriate remedy for challenging his alleged continued CDL suspension. *Page 4 
 {¶ 16} Lober's assignment of error is overruled.
 {¶ 17} The judgment of the trial court will be affirmed.
 BROGAN, J. and DONOVAN, J., concur. *Page 1