OPINION
{¶ 1} Appellant, Wesley Weist, appeals a judgment of the Champaign County Common Pleas Court denying his motion to stay enforcement of the Department of Corrections' *Page 2 
order that he register as a sexually oriented offender. Weist asserts that a part of his plea bargain to a 2003 charge of unlawful sexual conduct with a minor included a plea to the offense of importuning, because that offense did not implicate the reporting requirements of a sexual offender. Because we find that there is no final appealable order herein, we dismiss the appeal.
 {¶ 2} On April 10, 2003, Weist was indicted for unlawful sexual conduct with a minor. Subsequently, Weist pled guilty, in a negotiated plea agreement, to the offense of importuning, and he was sentenced on September 10, 2003 to eleven months incarceration, five years of post release control, and fined $300. At the time of his conviction, importuning was not an offense that required a sexual offender determination, as provided by R.C. 2950.01(D), which both the court and the prosecuting attorney acknowledged on the record at the time of sentencing.
 {¶ 3} Prior to his release from prison, Weist was advised by the Department of Rehabilitation and Corrections ("DRC") that he would be required to register as a sexually oriented offender upon his release. Thereafter, on August 13, 2004, Weist filed a motion to stay the registration requirement, which the trial court overruled on May 27, 2007. Thereafter, Weist filed this timely notice of appeal, setting forth one assignment of error for our consideration:
 {¶ 4} "The trial court erred in failing to grant Defendant's motion to stay the requirement that he register as a sexually oriented offender."
 {¶ 5} Weist argues that the DRC order to register is a violation of his plea agreement with the State of Ohio, and that the principles of res judicata should bar the State from subsequently making a determination that he is a sexually oriented offender that is required to register his whereabouts.
 {¶ 6} The State contends that this appeal should be dismissed because habeas corpus is *Page 3 
the exclusive remedy for someone in Weist's position, and even if we find otherwise, that the trial court did not abuse its discretion in refusing to grant the stay order.
 {¶ 7} Because Weist is challenging the registration requirement and not his incarceration, the State is incorrect in its assertion that an action in habeas corpus would provide Weist with a meaningful remedy.Ross v. Kinkela, Cuyahoga App. No. 79411, 2001-Ohio-4256, quotingState ex rel. Smirnoff v. Greene, 84 Ohio St.3d 165, 167, 1998-Ohio-526,702 N.E.2d 423. However, Weist has a different avenue to challenge the DRC order to register.
 {¶ 8} In an earlier analogous situation, this court dealt with a line of cases where convicted defendants claimed that their negotiated plea agreements with the State were violated when, subsequent to sentencing, the Adult Parole Authority changed their guidelines for determining parole eligibility. In those cases, the defendants filed declaratory judgment actions against the Adult Parole Authority. See Layne v. OhioAdult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548;Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99-CA-17; Lee v. Ohio Adult Parole Auth., Montgomery App. No. 18833, 2001-Ohio-1466, affirmed in Layne, supra. A declaratory judgment action could likewise place the issues that Weist wants litigated before the court.
 {¶ 9} In his motion in this case, Weist sought only for the trial court to "impos[e] a stay of the Ohio Department of Corrections order to register as a sex offender by Sunday, August 15, 2004, pending a hearing on matters of law concerning this order of the Ohio Department of Corrections." However, the record does not reflect that Weist moved the court for any other relief besides the stay. *Page 4 
 {¶ 10} In the transcript of the proceedings on August 20, 2004, it appears that the trial court, hearing no objection from the State, orally granted the stay requested; however, that judgment was never journalized as an order of the court. At the August 27, 2004 hearing on the pending motion, Weist asked the court to "issue a continuing stay." And, at the conclusion of the hearing, the trial court, again orally, stated that "[t]he stay that was placed in effect from our first hearing remains in effect." That ruling was never journalized as well.
 {¶ 11} Nearly three years later, when the trial court ruled on Weist's motion, it "decline[d] to grant Defendant's motion [for a stay]." This judgment went beyond the relief sought, and it ordered Weist to register in conformity with R.C. 2950.04 et seq. within five days of the receipt of the judgment.
 {¶ 12} A stay "is not an offshoot of the main action" but rather the "main action postponed" or a mere "halting of proceedings."Community First Bank Trust v. Dafoe, 108 Ohio St.3d 472,2006-Ohio-1503, 844 N.E.2d 825, at ¶ 26. A stay is normally granted pendente lite, while the main issues are determined. In this case, there was no "main action" before the court; the only remedy sought was a "stay pending a hearing on matters of law concerning this order of the Department of Corrections."
 {¶ 13} A court of appeals has jurisdiction only over orders that are both final under Civ. R. 54(B) and appealable under R.C. 2505.02.Grogan v. T.W. Grogan Co., Inc. (2001), 143 Ohio App.3d 548,758 N.E.2d 702. It has been consistently held that an order denying a stay of proceedings is not a final appealable order under R.C. 2505.02(B)(4). See Watson v. Driver Mgmt, Inc. (1994), 97 Ohio App.3d 509, 512, *Page 5 646 N.E.2d 1187 (stating "it is settled law, requiring no citations, that a stay order is not a final appealable order"); Grogan, supra (a motion to stay the matter was not a provisional remedy and was therefore not an appealable order); Dafoe, supra (a court's order staying an action, pending determination of the bankruptcy of another party, is not a final order subject to appeal under former R.C. 2505.02).
 {¶ 14} Therefore, because the denial of a stay of proceedings is not a final appealable order, we must dismiss this appeal for lack of jurisdiction.
Appeal dismissed.
FAIN, J. and GRADY, J., concur.
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Scott D. Schockling
Darrell L. Heckman
 Hon. Roger B. Wilson *Page 1