[Cite as *In re Petition for Writ of Habeas Corpus by James R. Short against Versailles*, 2011-Ohio-2431.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

IN THE MATTER OF THE PETITION
FOR WRIT OF HABEAS CORPUS BY          :
JAMES R. SHORT AGAINST THE
VILLAGE OF VERSAILLES, OHIO          :

:          C.A. CASE NO. 2010 CA 20

:          T.C. NO.    10CV593

:            (Civil appeal from
                Common Pleas Court)
:

:

. . . . . . . . . .

**O P I N I O N**

Rendered on the    20th    day of ____May____, 2011.

. . . . . . . . . .

THOMAS L. GUILLOZET, Atty. Reg. No. 0029996, 207 East Main Street, Versailles, Ohio 45380
        Attorney for Plaintiff-Appellee, State of Ohio

JAMES R. SHORT, P. O. Box 127, Versailles, Ohio 45380
        Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the pro se Notice of Appeal of

James R. Short, filed October 20, 2010.  On June 11, 2010, Short was convicted

by a jury of having physical control of a vehicle while under the influence, in violation of R.C. 4511.194, a misdemeanor of the first degree. The Darke County Municipal Court sentenced Short to 180 days in jail, with one day suspended. On or about August 3, 2010, Short, having previously been determined to be a vexatious litigator, filed a request for authority to file a Petition for Writ of Habeas Corpus. The trial court issued a Judgment Entry granting Short's request. On August 6, 2010, Short filed his Petition, which the trial court overruled after a hearing.

{¶ 2} In overruling Short's petition, the trial court noted in part as follows: " * * * , numerous procedural defects exist with the petition for habeas corpus. * * * Mr. Short has failed to comply with the procedural requirements of R.C. 2745.04 regarding verification,* * * and proof of commitment."

{¶ 3} We initially note that Short asserts in part in his brief that "there is NO such thing as O.R.C. 2745.04," and we agree that the trial court's entry contains an apparent typographical error. The correct section is R.C. 2725.04, which provides in part, "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify: * * * (D) A copy of the commitment of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." "For purposes of R.C. 2725.04, '"[v]erification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document."'" (citations

omitted). *Watkins v. Collins*, 111 Ohio St.3d 425, ¶ 35, 2006-Ohio-5082.

{¶ 4} As the trial court properly held, Short did not comply with the verification and commitment-paper requirements of the Ohio Revised Code, and his petition accordingly "was fatally defective and subject to dismissal." *Hughley v. Saunders* 123 Ohio St.3d 90, 2009-Ohio-4089, ¶ 1.

{¶ 5} Having reviewed the record, we further note that Short's appeal appears to be moot due to lack of confinement. "'A proceeding in habeas corpus is not an appeal from a criminal conviction; it is a distinct collateral attack on the petitioner's continued confinement.'" (citation omitted). *State v. Smith*, Clark App. No. 2008 CA 104, 2009-Ohio-6597, ¶5. "'A writ of habeas corpus is appropriate "only if the petitioner is entitled to immediate release from prison or some other type of physical confinement." *Ross v. Kinkela*, Cuyahoga App. No. 79411, 2001-Ohio-4256, quoting *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 167, 1998-Ohio-526, * * *.'" *State v. Lober*, Montgomery App. No. 22021, 2008-Ohio-3715, ¶ 15. Short was sentenced on June 11, 2010, to 179 days in jail. Accordingly, Short was scheduled to be released in December, 2010, and there is no evidence that Short remains incarcerated. We note the record contains a November 22, 2010, motion for an extension of time filed by Short, and the motion states in part, "The jail does not have adequate legal books and references. I am scheduled for release 12/7/2010."

{¶ 6} Short's petition for writ of habeas corpus was properly dismissed by the trial court in the first instance and his appeal is moot. Appeal dismissed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Thomas L. Guillozet
James R. Short
Hon. Jonathan P. Hein